**Manuel RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-84-01187-CR.**

Court of Appeals of Texas,
Dallas.

Oct. 23, 1985.

Daniel P. Garrigan and Lawrence B. Mitchell, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, GUILLOT and MALONEY, JJ.

GUILLOT, Justice.

Manuel Rodriguez appeals from his conviction for involuntary manslaughter. The jury assessed punishment at ten years' confinement. Appellant presents three grounds of error: (1) the trial court erred in admitting appellant's written confession into evidence; (2) the evidence was insufficient to support the jury verdict; and (3) the trial court erred in admitting expert opinion testimony into evidence. For the reasons stated below, we affirm.

In the early morning of July 30, 1985, a group of teenagers were having an altercation on a restaurant parking lot. Rodriguez was sitting in a car when the victim, Derek Rucker, approached the car. Rodriguez fired two shots from a pistol and killed Rucker. After investigation Rodriguez was lawfully arrested. The arresting officer gave Rodriguez his *Miranda* warnings on two occasions before Rodriguez orally confessed that he had fired a gun at the victim. Rodriguez, a fifteen year old juvenile, was then taken before a magistrate who examined Rodriguez in compliance with the procedures set out in section 51.09(b)(1) of the Texas Family Code.[1] Section 51.09(b)(1) governs the admissibility of a juvenile's written self-incriminating statements. Under section 51.09(b)(1), a magistrate must give *Miranda* warnings to the juvenile, and, in addition, the magistrate must warn the juvenile that he can be tried as an adult if he is fifteen years or older. The magistrate must also be convinced that the juvenile has knowingly and voluntarily waived his rights for the written confession to be admissible at trial. In the instant case, after the magistrate followed these

---

**1.** All references are to the Texas Family Code     unless otherwise shown.

procedures, Rodriguez signed a written confession.

## THE WRITTEN CONFESSION

In his first ground of error, appellant contends that the trial court erred in admitting appellant's written confession into evidence. Appellant asserts that the written statement was tainted by a prior inadmissible oral statement and, by operation of the exclusionary rule, should have been excluded from the trial. We cannot agree. The appellant was fully warned of his *Miranda* rights before making the oral statement; thus, appellant's constitutional rights were not violated.

Generally, a juvenile's oral confession is not admissible at trial (unless it falls within the exceptions of section 51.09(b)(2)). For a juvenile to make a valid waiver of his rights, a self-incriminating statement must be written down and signed by the juvenile *after* a magistrate follows the procedures set out in section 51.09(b)(1). However, the Texas Family Code does not require that these procedures be followed prior to an oral confession. Consequently, although appellant's oral confession was not admissible at trial, this did not undermine the written confession. Since the investigatory process was not tainted, the written confession is effective. *Oregon v. Elstad,* —— U.S. ——, 105 S.Ct. 1285, 1293, 84 L.Ed.2d 222 (1985). The written confession was made in full compliance with section 51.-09(b)(1) of the Texas Family Code and was properly admitted by the trial court. We overrule this first ground of error.

## INSUFFICIENCY OF EVIDENCE

In his second ground of error, appellant contends that there is insufficient evidence to support the jury verdict. The appellant testified in court that he had pointed a loaded gun at the victim and had fired two shots in the general direction of the victim. A reasonable jury could, therefore, infer recklessness in appellant's conduct. Consequently, the jury verdict, which required a finding of recklessness, is supported by sufficient evidence. TEX.

PENAL CODE ANN. §§ 6.03(c), 22.05 (Vernon 1974); *See Crume v. State,* 658 S.W.2d 607, 609 (Tex.Crim.App.1984). We overrule this second ground of error.

## EXPERT TESTIMONY

In his final ground of error, appellant contends that the trial court erred in permitting expert opinion testimony that was based on a report not admitted into evidence. The witness was qualified as an expert and was the custodian of the report; therefore, his testimony was properly admitted. *Neely v. State,* 409 S.W.2d 552, 554 (Tex.Crim.App.1966, no writ). We overrule this final ground of error.

Affirmed.