Ex parte James BRACELET.

No. 69550

Court of Criminal Appeals of Texas, En Banc.

Jan. 8, 1986.

James Bracelet, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an application for a writ of habeas corpus which was submitted to this Court pursuant to the provisions of Article 11.07, V.A.C.C.P. *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967).

Applicant was convicted of the offense of voluntary manslaughter; and punishment was assessed at 20 years in the Texas Department of Corrections and, in addition, a fine in the amount of $5,000.00. On direct appeal, the applicant's conviction was affirmed in an unpublished opinion. *Bracelet v. State*, No. 07–83–0006–CR, delivered August 15, 1984.

Applicant is seeking relief from an affirmative finding entered by the trial court on the judgment that the applicant used and exhibited a deadly weapon during the commission of the homicide. That finding affects the amount of time applicant must serve in confinement before he is eligible for parole under Article 42.12, Section 15(b), V.A.C.C.P.

The indictment, charge, verdict, and judgment in the case are relevant to our examination of applicant's request. The indictment alleged in pertinent part that the applicant did:

"knowingly and intentionally cause the death of Virginia Lee Mosley, an individual, hereafter styled the complainant, by shooting the complainant with a firearm,"

The application portion of the charge on voluntary manslaughter in pertinent part was as follows:

"knowingly and intentionally cause the death of Virginia Lee Mosley, an individual, hereafter styled the complainant by shooting the complainant with a firearm, but you further find and believe from all the facts and circumstances in evidence in the case that the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from adequate cause, then you will find the defendant guilty of voluntary manslaughter."

The trial court's charge also contained a definition of a firearm.

The jury was the trier of facts in the instant case, deciding both the guilt of the applicant and his punishment. The verdict returned by the jury states that:

"We, the jury, find the defendant, JAMES BRACELET, guilty of the lesser included offense of voluntary manslaughter."

In the judgment rendered by the trial court, the following finding was entered:

"that the said defendant committed said offense by using and exhibiting a deadly weapon,"

■ Whether or not a deadly weapon was used is a fact issue to be decided by the trier of facts. When the jury is the trier of facts, the affirmative finding, as to whether or not a deadly weapon was used or exhibited during the commission of an offense, must be made by the jury. *Ex parte Thomas*, 638 S.W.2d 905 (Tex.Cr. App.1982).

■ In some circumstances an affirmative finding will arise as a matter of law. In the second criteria for a proper affirmative finding in *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985), such a finding is authorized when the weapon pled is per se a deadly weapon or a firearm. A firearm is categorized as per se a deadly weapon,

*Stewart v. State,* 532 S.W.2 349 (Tex.Cr. App.1976), Section 1.07(a)(11), V.T.C.A. Penal Code. In the instant case in both the indictment and the application portion of the trial court's charge the weapon was stated to be a firearm. The jury found the applicant guilty of the lesser included offense of voluntary manslaughter. Without question if the applicant had been found guilty of murder, the affirmative finding would be proper, *Polk,* supra. We hold the affirmative finding made was proper in the circumstances of this cause.

The relief prayed for is denied.

IT IS SO ORDERED.