v.

The STATE of Texas, Appellee.

No. 05-85-00464-CR.

Court of Appeals of Texas,
Dallas.

Aug. 1, 1986.

John H. Read, Danny D. Burns, Grand Prairie, for appellant.

Mary Jo Kain, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and HOLLINGSWORTH, JJ.

## ON MOTION FOR REHEARING

GUITTARD, Chief Justice.

In this appeal by a juvenile from a murder conviction, appellant contends that the trial court erred in exercising jurisdiction over her and in admitting her written confession into evidence. We hold that the trial court properly exercised jurisdiction, but that it erred in admitting appellant's confession. Accordingly we reverse and remand.

### I. *Facts*

Appellant, a sixteen year old, was arrested in a murder investigation. The arresting officer gave appellant *Miranda* warnings, but did not inform her that she could be tried as an adult. The officer brought her to the Youth Division, a section of the Dallas Police Department. He questioned her about the murder for approximately eighty-five minutes. After appellant made incriminating oral statements, the arresting officer brought her before a magistrate, who advised her of her rights. She was brought back to Youth Division where her statement was taken and written. The contents of appellant's written and oral statements are substantially the same. Appellant signed her written statement in the presence of a second magistrate. Neither magistrate was informed of appellant's incriminating oral statements.

Six weeks after she made her statements, the juvenile court waived its jurisdiction over appellant and transferred her to criminal district court to be tried as an adult. Appellant and her counsel executed a waiver of examining trial and filed it with that court. A criminal district court magistrate found that appellant's waiver of an examining trial had been voluntarily and intelligently made in accordance with Family Code section 51.09(a), and forwarded the papers in the cause to the Dallas County Grand Jury. The magistrate's actions were reviewed and adopted by a criminal district judge.

### II. *Jurisdiction*

■ Appellant contends that the trial court erred in exercising jurisdiction over

her because her waiver of an examining trial was heard by a magistrate rather than by the district judge. Appellant contends that examining trials must be heard by the court to which the cause is transferred because magistrates cannot make rulings that could result in dismissal of the pending criminal charge. We may assume, without deciding, that the magistrate was not authorized to conduct an examining trial, but it does not follow that the magistrate was not authorized to determine the voluntariness of the waiver of the examining trial. The magistrate's hearing was not an examining trial, but was limited to determining the voluntariness of appellant's waiver; therefore it could not have resulted in dismissal of the charge. *See Criss v. State,* 563 S.W.2d 942, 945 (Tex. Crim.App.1978) (juvenile can waive examining trial in accordance with Family Code section 51.09); *see also Carter v. State,* 650 S.W.2d 793, 795–96 (Tex.Crim.App.1983) (magistrate can determine voluntariness under section 51.09). Consequently, we hold that the trial court properly exercised jurisdiction based on appellant's waiver before the magistrate of her right to an examining trial.

### III. *Voluntariness*

Appellant argues that her inadmissible oral statement rendered her later written statement involuntary. We agree.

■ Incriminating statements by a juvenile in police custody are governed by rules different from those governing similar statements by an adult. Although an adult may be warned by the police officer who interrogates him before giving an admissible written statement, a juvenile must be warned by a magistrate. TEX.FAM.CODE ANN. § 51.09 (Vernon Supp.1986). Warnings to a juvenile by a police officer are insufficient. *R.C.S. v. State,* 546 S.W.2d 939, 947 (Tex.Civ.App.—San Antonio 1977, no writ).

■ Since appellant's statements were made when she was in custody and before the juvenile court had waived jurisdiction over her, their admissibility at the later criminal trial is governed by the Family Code. *Lovell v. State,* 525 S.W.2d 511, 514–15 (Tex.Crim.App.1975); *Dixon v. State,* 639 S.W.2d 9, 10–11 (Tex.App.—Dallas 1982, no pet.). Section 54.03(e) of the Code provides that an extrajudicial statement obtained without fulfilling the requirements of the Code may not be used in an adjudication hearing. Section 51.09 provides that the statement of a juvenile in custody is admissible (1) if made in writing after certain warnings by a magistrate, or (2) if corroborated by circumstances tending to establish guilt, or (3) if res gestae of the delinquent conduct or of the arrest. The State has the burden of proving that appellant's written statement was voluntary. *Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972); *Farr v. State,* 519 S.W.2d 876, 879–80 (Tex. Crim.App.1975); *Valerio v. State,* 494 S.W.2d 892, 896 (Tex.Crim.App.1973). The State failed to prove that appellant's oral statement was obtained in compliance with section 51.09 because the record discloses no circumstances providing corroboration or indicating res gestae; consequently, the oral statement is inadmissible. *In the Matter of R.L.S.,* 575 S.W.2d 665, 667 (Tex.Civ. App.—El Paso 1978, no writ); TEX.FAM. CODE ANN. § 54.03(e). Accordingly, we must determine from the surrounding circumstances whether appellant's inadmissible oral statement, made before the magistrate's warnings, rendered inadmissible her written statement made after the warnings.

Among the factors we consider in determining whether the incriminating oral statement rendered appellant's written statement involuntary are (1) whether the conditions that made the oral statement inadmissible continued through later questioning, (2) the lapse of time, if any, between the statements, and (3) whether appellant was given renewed *Miranda* warnings. *Bell v. State,* 707 S.W.2d 52, 64–65 (Tex.Crim.App.1986).

Appellant was warned by a magistrate before her written statement was taken. After appellant was warned by the magis-

trate, she was brought back to the Youth Division. The arresting officer testified that he talked to appellant for only "a few minutes" before taking her written statement. The elapsed time of only a few minutes weighs against admission of appellant's written statement because it suggests that there was no opportunity for appellant to exercise her free will.

■ We recognize that a confession may be admissible even though the accused has made an earlier incriminating but inadmissible statement. *See e.g., United States v. Bayer*, 331 U.S. 532, 540–41, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654 (1947). Nevertheless, the impact of a warning given after the first incriminating statement has been made is much weaker than it would have been without a prior confession. *In the Matter of L.R.S.*, 573 S.W.2d 888, 892 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ); *R.C.S.*, 546 S.W.2d at 947.

■ We also recognize that the "cat out of the bag" theory has limited value with respect to adult offenders. *Bell*, 707 S.W.2d at 65. However, the Family Code reflects a legislative determination that juvenile offenders be afforded consideration and protection not extended to adult offenders. *R.C.S.*, 546 S.W.2d at 947. *See Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948); *Lovell*, 525 S.W.2d at 514 (admissions made by a juvenile require careful inquiry and special caution); *Dixon*, 639 S.W.2d at 11 (juvenile's statement, which would be admissible if made by an adult, held inadmissible). For example, juveniles may not be detained in the same manner as adults and stricter requisites must be met in order for their statements to be admitted into evidence. *See* TEX. FAM.CODE ANN. §§ 52.02, 51.09.

In two cases closely analogous to this one, Texas appellate courts have held that, if a magistrate is unaware of a juvenile's earlier inadmissible statement, the psychological impact of the juvenile's earlier statement reduces the value of the magistrate's warnings. In *R.C.S.*, the juvenile gave one written statement before being warned by a magistrate and a second written statement afterward. Recognizing that, once a confession is given, the juvenile's ability to resist is substantially reduced, the Court held the second statement inadmissible, explaining:

> The impact of a warning given after the first incriminating statement has been made is much weaker than it would have been absent a prior confession, for one cannot be reasonably expected to persist in the denial of that which he has already admitted. Although the legislature has determined that the solemnity of a warning given by a judicial officer is more efficacious, in the case of a child, than one given by a policeman, *even a warning by a magistrate, and a determination by the magistrate that the confession is voluntary, is of questionable value when the magistrate's investigation is made in the absence of all knowledge of a prior illegal statement* which places the child at a psychological disadvantage in the subsequent interrogation. Under such circumstances, the admonitions and counsel of the magistrate are unlikely to convert spiritless despair to alert diligence *in a child* whose secret is already "out of the bag".

*R.C.S.*, 546 S.W.2d at 947–48 (emphasis added).

This language was quoted with approval and applied in *In the Matter of L.R.S.*, 573 S.W.2d 888, 892–93 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). In *L.R.S.*, the juvenile's incriminating oral statement and the incriminating evidence to which it led were inadmissible because the authorities failed to comply with Family Code section 52.02(a). After L.R.S. made incriminating oral statements, he was warned by a magistrate. Nevertheless, the Court held that, because the magistrate was unaware of appellant's inadmissible oral statement, the subsequent written statement was inadmissible.

■ We agree with *L.R.S.* and *R.C.S.* that, when a magistrate is unaware of an earlier inadmissible statement made by a juvenile offender, his warnings have little

value in restoring the juvenile's ability to resist the information-seeking process. If the magistrate knows about the previous oral statement and explains to the juvenile that it cannot be used against him, such an explanation may be considered in determining whether a later written confession is voluntary. In the absence of such an explanation, however, and under the circumstances shown here, we conclude that appellant had no opportunity to exercise a free and unconstrained will. Thus, appellant's written statement was inadmissible under Family Code sections 51.09 and 54.-03(e).

We distinguish this case from *Rodriguez v. State*, 699 S.W.2d 358 (Tex.App.—Dallas 1985, no pet). *Rodriguez* applied exclusionary-rule analysis to determine whether a defendant's written statement was "tainted" by his inadmissible oral statement. *Id.* at 359. Only fruits of constitutional violations must be excluded under this analysis. *See Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285, 1291–93, 84 L.Ed.2d 222 (1985). Finding no constitutional violations in the procurement of the defendant's oral statement, *Rodriguez* concluded that no taint existed and that, consequently, the written statement was effective. 699 S.W.2d at 359.

In this case the issue is not whether constitutional violations in the investigation tainted appellant's written statement, but whether appellant made the written statement voluntarily within the meaning of the Due Process Clause. The question is whether appellant had the opportunity to exercise a free and unconstrained will. This question involves different factors and requires a different analysis than the "taint" determination. *See Bell*, 707 S.W.2d at 64.

The defendant in *Rodriguez* did not complain that the magistrate was unaware of the defendant's earlier oral statement. The warning magistrate's lack of knowledge about appellant's inadmissible oral statement is the basis of our holding that appellant's written statement was involuntary. Because we reverse on this ground,

we need not decide appellant's contention that she was detained in violation of Family Code section 52.02.

Our former opinion is withdrawn, the State's Motion for Rehearing is overruled, and the cause is remanded for a new trial for the reasons stated.

Reversed and remanded.