Sylvester SHANNON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–295–CR.

Court of Appeals of Texas,
Austin.

Jan. 14, 1987.

Discretionary Review Refused
March 18, 1987.

Mike Berg, Lockhart, for appellant.

Jeffrey Van Horn, Crim. Dist. Atty., Lockhart, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

PER CURIAM.

This is an appeal from an order revoking probation. Appellant was placed on probation following his conviction for aggravated assault. Tex.Pen.Code Ann. §§ 22.01(a)(1),

(2) and 22.02(a)(4) (Supp.1986). The punishment is imprisonment for ten years.

In his first point of error, appellant contends the indictment in this cause is void, and therefore the judgment of conviction is void, because the grand jury that returned the indictment was not lawfully impaneled. Appellant's argument under this point of error is identical to that made in *Lopez v. State,* 723 S.W.2d 323 (Tex.App.—Austin 1987). For the reason stated in *Lopez,* we overrule appellant's first point of error.

In his second point of error, appellant contends the trial court erred by entering an affirmative finding as to appellant's use of a deadly weapon in the order revoking probation, when such finding was not entered in the original judgment placing appellant on probation. This contention is without merit.

The indictment in this cause alleged appellant attempted to murder the victim "by shooting him with a firearm." The charge, in authorizing appellant's conviction for the lesser included offense, instructed the jury that before it could find appellant guilty of aggravated assault it was necessary for it to find beyond a reasonable doubt that appellant "did then and there intentionally or knowingly use a firearm." Therefore, it is clear that the affirmative finding was made by the trier of fact as a matter of law. *Ex parte Bracelet,* 702 S.W.2d 194 (Tex.Cr.App.1986).

A finding that the defendant used or exhibited a deadly weapon during the commission of a felony offense has two consequences. First, the defendant in such a case is not eligible for probation unless it is recommended by the jury. Tex.Code Cr. P.Ann. art. 42.12, § 3g(a)(2) (Supp.1986). The jury recommended probation in this cause. Second, an affirmative finding as to the use of a deadly weapon results in a delay of the defendant's parole eligibility date. Tex. Code Cr.P.Ann. art. 42.18, § 8(b) (Supp.1986). "Parole" means the release of a prisoner from imprisonment. Art. 42.18, § 2(a). Thus, the terms of art. 42.18 were inapplicable to appellant at the time judgment was originally entered, since imposition of sentence was suspended and appellant was placed on probation.

After the affirmative finding is made by the trier of fact, art. 42.12, § 3g(a)(2) imposes a mandatory duty on the trial court to enter the finding in the judgment. *Curry v. State,* 720 S.W.2d 261 (Tex.App.1986). The purpose of this entry is to inform the Department of Corrections and Board of Pardons and Paroles which prisoners are to receive the special time computation that results from the finding. *Polk v. State,* 693 S.W.2d 391, 393 n. 1 (Tex.Cr.App.1985); *Curry v. State, supra.* In the instant cause, the trial court's failure to enter the affirmative finding in the original judgment was irrelevant because appellant was placed on probation. In other words, there was no need to enter the affirmative finding in the judgment until appellant's probation was revoked.

In *Curry,* this Court held that where it was clearly established that the affirmative finding was made by the trier of fact at trial, but the trial court failed to enter the finding in the judgment, the trial court was authorized to enter the affirmative finding by way of a judgment *nunc pro tunc.* We find the instant cause to be analogous to *Curry.* We hold that the trial court did not err by entering the affirmative finding at the time probation was revoked.

The order revoking probation is affirmed.