**Vicente LOPEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–85–316–CR, 3–85–317–CR.**

Court of Appeals of Texas, Austin.

Jan. 14, 1987.

Discretionary Review Refused March 18, 1987.

**324**

Mike Berg, Lockhart, for appellant.

Jeffrey Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM

These are appeals from orders of the trial court revoking probation. In no. 3–85–316–CR, appellant was placed on probation following his conviction for aggravated assault. Tex.Pen.Code Ann. §§ 22.01(a)(2) and 22.02(a)(4) (Supp.1986). In no. 3–85–317–CR, appellant was placed on probation following his conviction for unlawfully carrying a weapon on licensed premises. Tex.Pen.Code Ann. § 46.02 (1974). Punishment in both causes is imprisonment for three years.

Appellant raises a single point of error in both causes. Appellant contends the indictments, and therefore the judgments of conviction, are void because the grand jury that returned the indictments was not lawfully impaneled. The grand jury in question was impaneled for the September 1984 term of the 22nd Judicial District Court of Caldwell County. Appellant argues that the 22nd Judicial District Court is not legally authorized to hold a September term in Caldwell County.

Texas Gov't Code Ann. § 24.123(c)(1) (Supp.1986) provides that the terms of the 22nd Judicial District Court begin in Caldwell County on the first Mondays in March, June, September, and December. Section 24.123 is derived from former Tex.Rev.Civ. Stat. art. 199, § 22, as amended by 1979 Tex.Gen.Laws, ch. 137, § 1 at 263. Prior to the 1979 amendment, the terms of the 22nd Judicial District Court in Caldwell County began on the first Mondays in March and October. 1969 Tex.Gen.Laws, ch. 815, § 1 at 2435. Appellant asserts that the 1979 amendatory act is void because the title or caption thereto violated the requirements of Tex. Const.Ann. art. III, § 35 (1984). Therefore, concludes appellant, the terms of the 22nd Judicial District Court in Caldwell County legally begin on the first Mondays in March and October, as they did prior to the allegedly ineffective 1979 amendment. *See Ex parte Crisp*, 643 S.W.2d 487 (Tex.App.1982), affirmed 661 S.W.2d 944 (Tex.Cr.App.1983).

Further discussion of appellant's contention is not necessary in light of the recent amendment of art. III, § 35. On November 4, 1986, the voters approved an amendment to this section that, among other things, added the following subsection (c):

A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

*See* Proposed Amendments, 1 Tex. Const. Ann. 1 (Supp.1986). This amendment became effective December 2, 1986. In light of this clear constitutional directive, appellant's point of error must necessarily fail.

The orders revoking probation are affirmed.