736 S.W.2d 652 (1987)
Ex parte J.H. FLANNERY, Jr.
No. 69789.
Court of Criminal Appeals of Texas, En Banc.
June 10, 1987.
J.H. Flannery, Jr., pro se.
Jack Skeen, Jr., Dist. Atty. and Ann Monaco, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.
Before the court en banc.

OPINION
W.C. DAVIS, Judge.
Applicant files this application for a post conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. Applicant alleges that the trial court erroneously included in the judgment of conviction an affirmative finding that applicant used a deadly weapon in the commission of the offense. Such finding prevents applicant from becoming eligible for parole at an earlier date than if no finding had been made. Art. 42.12, Sec. 3g(a)(2).
As applicant points out, Polk v. State, 693 S.W.2d 391 (1985) sets out three instances in which an affirmative finding is made: (1) the indictment specifically alleges the words "deadly weapon" in describing the weapon used, and the verdict reads "guilty as charged in the indictment;" (2) the indictment names a weapon which is per se a deadly weapon and the verdict reads "guilty as charged in the indictment;" and (3) a special issue is submitted to the trier of fact and answered affirmatively.
In the instant case the indictment charging applicant with murder states, inter alia, that applicant caused the death of an individual, "by shooting him with a shotgun." The jury found applicant "guilty of Voluntary Manslaughter." The application paragraph of the court's charge on voluntary manslaughter charges the offense and includes the phrase "by shooting him with a shotgun."
We note first that since the jury was the trier of fact both at the guilt-innocence stage and at the punishment stage of trial, the trial court had no authority to make an affirmative finding that applicant used a deadly weapon. Cf. Fann v. State, 702 S.W.2d 602 (Tex.Cr.App.1985). None of the tests set out in Polk, supra, have been met. No affirmative finding was made by way of reference back to the indictment, as in a verdict stating, "guilty as charged in the indictment;" and no special issue was submitted to the jury on the issue. Polk, *653 supra. The trial court erred in including such finding in the judgment.
The methods for making an affirmative finding were elaborated upon in Ex Parte McLemore, 717 S.W.2d 634 (Tex.Cr.App. 1986) and Ex Parte Bracelet, 702 S.W.2d 194 (Tex.Cr.App.1986), wherein each respective defendant was charged with murder, but was convicted of voluntary manslaughter, similar to the instant case. Ex Parte McLemore and Ex parte Bracelet, hold that when the indictment alleges a weapon that is categorized as per se a deadly weapon, and the application portion of the court's charge names the weapon used and that weapon is a deadly weapon per se, the affirmative finding is proper even though the defendant is simply found guilty of the lesser included offense.
Ex Parte McLemore and Ex Parte Bracelet, both supra, are not consistent with Polk, supra, in requiring an affirmative finding to be made. Such a finding must be "read into" the verdict which simply finds a defendant guilty of an offense and does not refer back to allegations of a deadly weapon charged in the indictment. To the extent they are inconsistent with Polk, supra, Ex parte McLemore and Ex Parte Bracelet both supra, are overruled.
Applicant is correct that in accord with Polk, supra, no affirmative finding was made by the jury. Therefore, no such finding should have been included in the judgment. We order that the affirmative finding in Cause No. 1-80-26 from the 241st Judicial District of Smith County be deleted from the judgment. The relief requested is granted.
TEAGUE, Judge, concurring and dissenting.
Notwithstanding the fact that I find that the majority opinion rewrites this Court's majority advisory opinion of Polk v. State, 693 S.W.2d 391 (Tex.Cr.App.1985), which is so filled with obiter dictum that it is difficult to fully appreciate why this Court granted the appellant's petition for discretionary review in that cause, I find it somehow manages to reach the right result, i.e., that the trial judge erred in entering in the judgment of conviction the finding that a deadly weapon was used in the commission of the offense.
I respectfully dissent because the majority opinion unnecessarily and ill advisedly expressly overrules this Court's decision of Ex parte Bracelet, 702 S.W.2d 194 (Tex.Cr. App.1986).
I find that the cause of the controversy regarding the entering of a deadly weapon finding in a judgment of conviction is the Legislature of this State when it wrote the infamous deadly weapon finding into our law, which has caused this Court to needlessly waste much of its precious time. Because there is no room in the house, the Department of Corrections oftentimes is confronted on almost a daily basis of not being able to receive and accommodate persons sentenced thereto. There should be no question about the fact that the deadly weapon finding law that the Legislature enacted is one of the reasons that cause and will continue to cause our Department of Corrections to be overcrowded. One partial solution to the overcrowding problem could have recently occurred if the members of the most recent Legislature had spent some of their valuable and limited time changing the infamous deadly weapon finding law in place of spending some of their valuable and limited time passing legislation that will effectively shut down this Court, the Supreme Court, and all intermediate appellate courts of this State on September 1, 1987, see House Bill 288, which was passed by the Legislature of this State and signed by Governor Clements, which expressly prohibits any appellate court judge of this State from revealing to any member of his or her staff, or any other judge of his court, and vice versa, any proposed opinion. Because the offense of disclosure carries a penalty of not less than 2 nor more than 10 years in the penitentiary and a fine not to exceed $5,000, we can change the old saying that "No man's life, liberty or property are safe while the Legislature is in session", 1 Tucker (N.Y.Surr.) 249 (1866), to read as follows: "Because appellate court judges can *654 no longer write opinions, they have gone fishing."[1]
If one will take the time to read all of Art. 42.12, § 3g(a)(2), V.A.C.C.P., I believe he or she will easily see why the first old saying is actually a truism.
The issue on which this Court granted the appellant's petition for discretionary review in Polk v. State, supra, was quite simple, "The trial court erred in making a finding in the judgment that the Appellant used or exhibited a deadly weapon."
Article 42.12, § 3g(a)(2), provides in part: "Upon affirmative finding that the defendant used or exhibited a deadly weapon [which is defined in § 1.07(a)(11) of the Penal Code as follows: "(A) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury] during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment." An affirmative finding not only prevents the use of any good conduct time for parole purposes, it also mandates that such an inmate will not become eligible for parole until his "flat time" equals 1/3 of his sentence or 20 calendar years, whichever is less. See former Article 42.12, § 15(b), V.A.C.C.P., which was deleted by Acts 1985, 69th Leg., ch. 427, § 1, eff. September 1, 1985, and is now the second Article 42.18 of the Code of Criminal Procedure.
In Polk v. State, No. 05-82-01214-CR, January 12, 1984, the Dallas Court of Appeals, notwithstanding the fact that the indictment in that cause did not allege that the knife that was used to commit the offense of attempted murder was a deadly weapon, the fact that the law did not provide who was to make the deadly weapon finding, and the fact that the jury was the trier of the facts on the issue of guilt, which was not requested to make and did not make an express finding that the knife that was used to commit the offense was a deadly weapon, sustained the trial judge's entry into the judgment of conviction that a deadly weapon was used. The jury also assessed the punishment. However, there was no alleged issue of fact for the jury to resolve when it assessed the defendant's punishment. In sustaining the deadly weapon finding, the court of appeals held that because the defendant was found guilty of attempted murder by the jury, the jury inferentially found that the knife was a deadly weapon because of the manner of its use. "Consequently, the verdict necessarily involves a finding by the jury that a deadly weapon was used in committing the offense." (Page 5 of slip opinion.)
This Court granted the appellant's pro se petition for discretionary review in Polk v. State, supra, in order to determine what lawful authority the trial judge used when he decided to enter in the judgment of conviction the deadly weapon finding. Notwithstanding this limited issue, as well as the fact that the jury made no express or implied affirmative finding whatsoever regarding a deadly weapon, a majority of this Court proceeded to answer the hypothetical question, how can a jury make an affirmative finding that a deadly weapon was used or exhibited during the commission of an offense. A majority of this Court held that the trial judge erred in making the deadly weapon finding because a deadly weapon was not pled in the charging instrument and the jury was not given a special issue, whether the weapon that was used to commit the offense was a deadly weapon. In reaching its holding, the majority of this Court held: "Where the jury is the trier of fact, the trial court may not properly enter that they have made an affirmative finding concerning the defendant's use or exhibition of a deadly weapon or firearm during the commission of the offense unless: 1) the deadly weapon or firearm has been specifically pled as such (using the nomenclature `deadly weapon') in the indictment (Applies where the verdict *655 reads `guilty as charged in the indictment'...;
2) where not specifically pled in `1)' above as a deadly weapon or firearm, the weapon pled is per se a deadly weapon or a firearm; or,
3) a special issue is submitted and answered affirmatively. (Polk, supra at 396).
The majority in Polk, supra, also expressly held that there can be no such thing as an "implied finding" from the verdict of the jury and that it would not look to the facts of the case in making the determination whether a deadly weapon was or was not used or exhibited during the commission of the offense. Polk is authority for the majority opinion's holding.
A "deadly weapon", as defined in our Penal Code, is a legal word of art. Thus, the common understanding of that term, that any weapon that causes death is a deadly weapon, cannot be invoked and applied. A firearm, of course, is per se a deadly weapon. A shotgun, however, is not per se a deadly weapon but may become a deadly weapon in the manner of its use.
Notwithstanding my disagreement with Polk, supra, see the concurring and dissenting opinion that I filed in that cause, I do not believe it can be read to mean, as the majority opinion in this cause reads it, that under no circumstance will a finding that the defendant is guilty of a lesser included offense not permit a trial judge to enter in the judgment of conviction the finding that a deadly weapon was used or exhibited in the commission of the lesser included offense for which the defendant was convicted. The majority opinion interprets Polk, supra, to hold that if the verdict of the jury does not expressly relate to the wording of the charging instrument, a finding that a deadly weapon was used or exhibited in the commission of the offense can never be entered in the judgment of conviction. (Page 1 of the slip opinion.)
In this instance, appellant was charged by indictment with committing the offense of murder, by shooting his victim with a shotgun. The jury was not only charged on that offense but was also charged on the lesser included offense of voluntary manslaughter. The jury found appellant guilty of the offense of voluntary manslaughter.
A shotgun, however, is not by the legal definition of the term "deadly weapon" per se a deadly weapon. It is only in the manner of its use or intended use that it can legally become a deadly weapon. In this instance, because the jury was the trier of fact on guilt and assessed punishment, the fact that a shotgun is not per se a deadly weapon, and the fact that a special issue was not submitted at either stage of the trial requiring the jury to make the determination whether the shotgun that caused the death of the victim became a deadly weapon by the manner of its use, the trial judge erred in entering the deadly weapon finding in the judgment, and the majority of this Court correctly so holds.
Thus, I concur in the result.
However, I respectfully dissent to this Court needlessly overruling Ex parte Bracelet, 702 S.W.2d 194 (Tex.Cr.App. 1986). In Ex parte Bracelet, supra, the indictment in that cause alleged that the defendant caused the death of his victim by shooting her with a firearm. The jury was charged on both the offense of murder and the lesser included offense of voluntary manslaughter. The jury was instructed that if it found that the defendant murdered his victim and also found that he caused her death under sudden passion it would find him guilty of voluntary manslaughter. The jury found the defendant guilty of voluntary manslaughter. In order for the jury to have found the defendant guilty of voluntary manslaughter, it had to have found the defendant guilty of murder and also had to have found that he committed the murder under sudden passion. A firearm is per se a deadly weapon. Thus, Ex parte Bracelet, supra, correctly held that the trial judge did not err in entering the deadly weapon finding in the judgment of conviction. Therefore, overruling of Ex parte Bracelet, supra, is both unnecessary and ill advised, and such act, I predict, will cause this Court in the future to once again develop a legal stomach ache. To overruling *656 Ex parte Bracelet, supra, I respectfully dissent.
For the above reasons, I respectfully concur and dissent.
WHITE, J., joins.
NOTES
[1] This law was repealed in the special session that followed the regular session. See Art. 39.03(b), Penal Code, effective October 20, 1987. It appears H.B. No. 288 was effective from September 1 through October 19, 1987.