NO. 07-03-0520-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 4, 2006
_____

STEPHEN ZARATE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 110TH DISTRICT COURT OF DICKENS COUNTY;

NO. 2261; HONORABLE JOHN R. HOLLUMS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Stephen Zarate appeals his conviction for the felony offense of manslaughter and jury-assessed punishment of twenty years confinement and a $10,000 fine.  We affirm.

Appellant's prosecution arose from the shooting death of Martin Garcia, Jr. in Dickens County on the evening of June 30, 2003.  The evidence presented at trial was

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

undisputed. It showed Martin and his cousin David Garcia were each working on land in Dickens County owned by their families. They went to a store in Dickens together to purchase beer and whisky. At the store they met appellant, with whom each was acquainted. Appellant told them he might stop by to visit with them later that afternoon. Martin and David returned and divided their time between working and drinking. Appellant arrived about 4 p.m. and the conversation turned to a new scope appellant had purchased for his rifle. He brought out the rifle and the three men took turns firing it at a fencepost. David also fired a pistol appellant had with him.

David said he was not knowledgeable about firearms but appellant seemed "to know what he was talking about." David left about 6 p.m., leaving Martin and appellant together. A neighbor of Martin's stopped and visited with the two men for about an hour. The neighbor left between 8:30 and 9 p.m. Both David and the neighbor said there was no dispute between appellant and Martin. Subsequent events were presented through the unchallenged testimony of Dickens County sheriff Ken Brendle and deputy Jimmy Land based on separate statements appellant made to them. Appellant and Martin discussed appellant's purchase of cattle from Martin. Appellant related they went to see the cattle and Martin became angry when appellant said he would have to speak to relatives about the sale first. They returned to their previous location and had another beer together before the argument reignited. According to appellant's statements, Martin threatened to shoot appellant. Appellant retrieved his rifle from his truck and, in one version of his statement, pointed the rifle in the direction of Martin and fired. His other statement was that he fired the rifle into the ground.

2

Martin's daughter and son-in-law discovered his body late that evening. When he heard of Martin's death the next day, David tried to reach appellant at work and contacted the Dickens County Sheriff's Office to tell them he had last seen Martin with appellant. Later that day appellant came to the sheriff's office because he had heard officers wanted to speak with him. He spoke to deputy Land first. After being advised of his constitutional rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant initially said he did not want to talk, but then "slowly started relating a story" without any interrogation by Land. When Brendle arrived he simply asked appellant if he wanted to talk, and appellant repeated the same story. Appellant refused to make a written statement for either officer.

Appellant was subsequently indicted for the offense of murder. The case was tried to a jury. The jury charge, submitted without objection, included a charge and instructions on the offenses of murder, manslaughter, aggravated assault and deadly conduct. The jury found appellant guilty of manslaughter and further found he used or exhibited a deadly weapon during the commission of the offense. The jury also assessed punishment of twenty years confinement in the Institutional Division of the Department of Criminal Justice and a $10,000 fine. The trial court rendered judgment in conformity with the jury's verdicts, including an affirmative finding on use of a deadly weapon.

Appellant's three issues on appeal are that the evidence is legally and factually insufficient to support the conviction, there was no evidence supporting submission of the jury charge on manslaughter, and that the trial court erred in including a deadly weapon finding in the judgment.

3

A person commits the offense of manslaughter by recklessly causing the death of another. Tex. Penal Code Ann. § 19.04(a) (Vernon 2003). A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk a result will occur. Tex. Penal Code Ann. § 6.03(c) (Vernon 2003). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the care an ordinary person in the actor's position would exercise. *Id.*

Appellant presents no challenge to the State's factual allegations or supporting evidence. He argues that those facts are no evidence he was aware of but consciously disregarded a substantial and unjustifiable risk of death from his conduct. Appellant offers no authority in support of that position.[2] He agrees that a defendant's mental state is generally proven through circumstantial evidence and by inferences drawn from his acts and surrounding circumstances. *Salazar v. State*, 131 S.W.3d 210, 213 (Tex.App.–Fort Worth 2004, pet. ref'd).

There is ample authority that pointing a loaded firearm in the direction of another and firing it meets the Penal Code's definition of recklessness. As the State correctly notes, in defining the offense of deadly conduct the Penal Code provides, "Recklessness and danger

---

[2] Based on *State v. Lee*, 818 S.W.2d 778 (Tex.Crim.App. 1991), overruled on other grounds, *Moore v. State*, 969 S.W.2d 4 (Tex.Crim.App. 1998), the State initially responds that appellant is estopped from asserting the insufficiency of the evidence supporting conviction of any lesser-included offense because he failed to object to the submission of those issues to the jury. *Cf. Otting v. State*, 8 S.W.3d 681 (Tex.App.–Austin 1999, pet. ref'd, untimely filed), *with McLendon v. State*, 167 S.W.3d 503, 508 (Tex.App.–Houston [14th Dist.] 2005, no pet.) (declining to apply *Lee* to factual sufficiency challenge). Resolution of appellant's appeal does not require us to address the application of *Lee* to his challenges to the sufficiency of the evidence.

are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded." Tex. Penal Code Ann. § 22.05(c) (Vernon 2003).

Moreover, recklessness findings have been affirmed in factually similar cases. In *Gaona v. State*, 733 S.W.2d 611 (Tex.App.–Corpus Christi 1987, pet ref'd), the court upheld a conviction based on evidence that included the defendant's statement to officers he fired a .22 caliber rifle at the ground. *Id.* at 614-15. The court relied on other facts also shown here: that the defendant was familiar with firearms and knew the gun was loaded. *Id. See also Rodriquez v. State*, 699 S.W.2d 358, 359 (Tex.App.–Dallas 1985, no pet.) (firing in general direction of victim sufficient to show recklessness).

Findings of recklessness have been upheld even when the defendant did not intend to point a firearm at the victim. *Davis v. State*, 757 S.W.2d 386, 388 (Tex.App–Dallas 1988, no pet.) (victim shot while defendant was twirling gun he believed to be unloaded); *Sadler v. State*, 728 S.W.2d 829, 831 (Tex.App.–Dallas 1987, no pet.) (spouse shot in struggle for handgun). *See also Yates v. State*, 624 S.W.2d 816, 817 (Tex.App.–Houston [14th Dist.] 1981, no pet.) (victim shot in "quick-draw" contest). The evidence was legally sufficient to support the jury's finding that appellant acted recklessly. It was not so weak that it fails to support the finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 485 (Tex.Crim.App. 2004) (discussing standards for determining factual sufficiency). Appellant has failed to identify, and our review does not disclose, any contrary evidence, precluding a determination that the strength of contrary evidence rendered the

evidence of guilt factually insufficient. *See id.* at 485. Finding no merit in his challenges to the legal or factual sufficiency of the evidence, we overrule appellant's first issue.

In his second issue appellant assigns error to the trial court's inclusion of a jury charge on the offense of manslaughter. He does not deny that manslaughter is a lesser-included offense of murder. *See Schroeder v. State*, 123 S.W.3d 398, 400 (Tex.Crim.App. 2003) (manslaughter is a lesser-included offense of murder). His challenge is based on his position there was no evidence of recklessness. Our disposition of appellant's first issue is also dispositive of his second issue. The trial court did not err in submitting the charge on manslaughter. In accordance with the procedure for reviewing charge error, we do not reach the question of whether appellant preserved this complaint by timely objection. *See Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003) (preservation of charge error is not an issue until harm is assessed). We overrule appellant's second issue.

Appellant's third issue presents a challenge to the trial court's inclusion of a deadly weapon finding in its judgment. He cites *Ex parte Flannery*, 736 S.W.2d 652 (Tex.Crim. App. 1987), as listing the only three ways in which a deadly weapon finding may be made, specifically that (1) the indictment specifically alleges the words "deadly weapon" in describing the weapon used, and the verdict reads "guilty as charged in the indictment"; (2) the indictment names a weapon which is per se a deadly weapon and the verdict reads "guilty as charged in the indictment"; and (3) a special issue is submitted to the trier of fact and answered affirmatively. *Id.* (following *Polk v. State*, 693 S.W.2d 391, 396 (Tex.Crim. App. 1985)).

The indictment alleged appellant shot the victim with a firearm. The jury's verdict stated: "We, the jury, find the defendant, STEPHEN ZARATE, guilty of manslaughter. We further find that the defendant did use or exhibit a deadly weapon, to-wit: a firearm during the commission of the offense." Appellant argues that because he was not found guilty "as charged in the indictment" and trial court failed to require a separate finding on the use of a deadly weapon, the jury's verdict was insufficient to meet the requirements of *Flannery*.

Since its opinion in *Flannery*, the Court of Criminal Appeals has clarified the ways in which the requirement of an express finding of a deadly weapon by a jury may be satisfied when a defendant is found guilty of a lesser-included offense. In *Lafleur v. State*, 106 S.W.3d 91 (Tex.Crim.App. 2003), the Court held a deadly weapon allegation in the indictment,[3] together with a deadly weapon allegation in the application paragraph of a lesser-included charge and an express deadly weapon finding in the jury's verdict are sufficient evidence of an express finding by the jury. *Id.* at 99. Each of those elements was present here. The inclusion of a deadly weapon finding in the trial court's judgment was proper. We overrule appellant's third and final issue and affirm the judgment of the trial court.

---

[3] The indictment did not specifically allege the firearm was a deadly weapon. That allegation was unnecessary because a firearm is a deadly weapon *per se.* Tex. Penal Code Ann. §1.07(a)(17) (Vernon 2005). *Thomas v. State*, 821 S.W.2d 616, 618 (Tex.Crim. App. 1991).

James T. Campbell
Justice

Do not publish.