Opinion issued October 2, 2008











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01077-CR




MICHAEL LEE FULLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th Judicial District
Harris County, Texas
Trial Court Cause No. 1048902


 

MEMORANDUM OPINION

          Appellant, Michael Lee Fuller, appeals from a judgment convicting him for the
second-degree felony offense of manslaughter. See Tex. Penal Code Ann. § 19.04
(Vernon 2007). The jury found appellant guilty, found true the enhancement
paragraph, and sentenced him to 25 years in prison and a fine in the amount of
$5,000. In four issues, appellant contends the evidence that supports the jury’s
finding of guilt for manslaughter and that rebuts his claim of “self-defense” is legally
and factually insufficient to support his conviction. We conclude that the evidence
is legally and factually sufficient and therefore affirm.BackgroundAppellant lived with his brother Charles Leonard Fuller. According to
appellant and one of his neighbors, Verdell Dunham, appellant had a tumultuous
relationship with complainant, which sometimes led to verbal and physical
altercations between them. Appellant’s father and Dunham also reported that
complainant verbally and physically abused both of his parents in the past.
          On the night that complainant died, Dunham heard appellant and complainant
arguing. Dunham heard appellant say, “I told you.” After that, she heard
complainant banging on his front door and saying “Let me in.” After hearing this
confrontation, Dunham heard a gunshot. When she saw neither brother outside their
house the next day, she grew concerned and contacted their father, who in turn called
appellant and asked him to check on complainant. While on the telephone with his
father, appellant discovered the deceased complainant. Appellant’s father quickly
arrived at the house, and he and appellant summoned emergency services. Police
officer Miles responded to the scene.
          Appellant told Officer Miles that he and complainant engaged in a verbal
argument, complainant struck him in the face with a fire extinguisher, and appellant
then went to his room and slept. Appellant said nothing about having fired a gun. 
Appellant stated that sometime in the night, a gunshot in the rear of the house woke
him, but he did not investigate it until the next afternoon when his father called him. 
Appellant told Officer Miles that he found a .45 caliber handgun next to
complainant’s body. Appellant admitted that the gun belonged to him.
          From the blood spatters, a police officer determined complainant was shot in
the hallway. Officer Miles found the .45 caliber handgun next to complainant’s body,
as well as other physical evidence. Officers also observed a damp load of laundry in
the washing machine, which contained a possibly bloodstained pair of jeans. Officers
also found a fire extinguisher with blood on it. Ballistics and medical evidence
indicated that appellant’s gun fired the bullet, which the assistant medical examiner
recovered from complainant’s forearm. The bullet that struck complainant grazed
complainant’s thumb before it entered his left forearm. Officers photographed
appellant’s face, which showed a large abrasion and blood around his right eye, as
well as other smaller abrasions and dried blood on his face.
          At trial, appellant claimed self-defense. Appellant testified by giving a
different version of the events than what Dunham and Officer Miles described. He
stated that on the night complainant was killed, he left the house to purchase
cigarettes and took his loaded and cocked handgun with him. After returning a short
time later, he entered the front door with the gun in his hand, and complainant
abruptly and without provocation struck him in the face with a fire extinguisher. He
told complainant not to hit him again, but when complainant raised the fire
extinguisher once more, appellant pointed the gun at him and squeezed the trigger. 
Complainant then walked back to his bedroom leaving a substantial blood trail from
the front entryway, where appellant shot him, to complainant’s bedroom, where
complainant collapsed near his bed. Appellant maintained that he then dropped the
gun in the hallway. Appellant slept until the next day, unaware he had mortally
wounded his brother. During direct examination, appellant averred that he needed
to shoot complainant in order to protect himself, but later insisted during cross-examination that the gun fired accidentally when complainant tried to hit him again. 
The jury declined to convict appellant of murder, finding him guilty of the lesser
included offense of manslaughter.
 
Sufficiency of the Evidence
          Appellant contends in four issues that the evidence is legally and factually
insufficient to support the jury’s finding of guilt for manslaughter and the jury’s
rejection of his self-defense claim.
          A.      Standard of Review
          In a legal sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005). In conducting our review of the legal sufficiency of the evidence, we do not
reevaluate the weight and credibility of the evidence, but ensure only that the jury
reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 416 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
          “Appellate courts should afford almost complete deference to a jury’s decision
when that decision is based upon an evaluation of credibility.” Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008). “The jury is in the best position to judge
the credibility of a witness because it is present to hear the testimony, as opposed to
an appellate court who relies on the cold record.” Id. The jury may choose to believe
some testimony and disbelieve other testimony. Id. at 707. 
 
          B.      Evidence of Recklessness to Prove Manslaughter
          In his first and second issues, appellant asserts that the evidence supporting the
jury’s finding of guilt for manslaughter is legally and factually insufficient because
no evidence was adduced to show he “consciously disregarded” any risk. A person
commits the offense of manslaughter “if he recklessly causes the death of an
individual.” Tex. Penal Code Ann. § 19.04. A person acts recklessly “when he is
aware of but consciously disregards a substantial and unjustifiable risk that . . . the
result will occur.” Id. at § 6.03(c) (Vernon 2007).
          “[A] defendant who is familiar with guns, who knows a gun is loaded, and who
points it at another person, is consciously disregarding a risk that his
conduct—pointing a loaded weapon at another—may cause harm or death and is at
least reckless.” Thomas v. State, 699 S.W.2d 845, 850 (Tex. Crim. App. 1985) (citing
Simpkins v. State, 590 S.W.2d 129, 134 (Tex. Crim. App. 1979)); Gaona v. State, 733
S.W.2d 611, 615–17 (Tex. App.—Corpus Christi 1987, pet. ref’d) (holding evidence
legally sufficient to prove manslaughter based on evidence that Gaona, who was
familiar with rifles and frequently hunted with rifles, aimed rifle he knew was loaded
in general direction of victim and pulled trigger while gun was pointed to ground to
scare victim); see also Rodriguez v. State, 699 S.W.2d 358, 359 (Tex. App.—Dallas
1985, no pet.).
          The State asserts appellant was familiar with the inherent danger of guns and
refers to his testimony of having accidentally shot himself with one in 1975. The
State also refers to appellant’s admission that he knew he pointed a loaded gun at
complainant. Appellant contends that he was unable to perceive any risk of harm or
death stemming from his pointing the gun at complainant because the events occurred
so quickly that he did not have the opportunity to reflect.
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found appellant guilty of manslaughter because appellant, who was
familiar with guns, pointed the gun he knew was loaded at complainant and fired the
gun. See Gaona, 733 S.W.2d at 615–17. We conclude the evidence is legally
sufficient to support the jury’s determination that appellant’s conduct was reckless. 
See id. We overrule appellant’s first issue.
          Viewing all the evidence in a neutral light, both that which supports the verdict
and that which undermines it, the evidence is factually sufficient. Although appellant
contends he could not perceive the danger because the events happened quickly,
testimony by Dunham refutes that claim. Dunham said the argument lasted
approximately 15 minutes. The only evidence that supports appellant’s account of
the events leading up to complainant’s death are his statements made at trial and to
police officers at the scene. On the day the police arrived at the house, appellant
denied that he shot complainant. Then, at trial, appellant changed his story and
described a sudden attack by complainant in which appellant reacted in self-defense,
justifiably shot complainant, and then dropped the gun in the hallway. However, this
version contradicts both what Dunham heard and the location where police found the
gun next to complainant’s body in complainant’s bedroom. As the exclusive judge
of the credibility of the witnesses, the jury could properly reject appellant’s testimony
concerning the events. See Lancon, 253 S.W.3d at 707. We conclude the evidence
is not so weak that the determination of recklessness is clearly wrong or manifestly
unjust and that the determination of recklessness is not against the great weight and
preponderance of the evidence. See Johnson, 23 S.W.3d at 11. We conclude the
evidence is factually sufficient to support the jury’s determination that appellant’s
conduct was reckless. See id. We overrule appellant’s second issue.
          C.      Deadly Force in Defense of Self
          In his third and fourth issues, appellant asserts that the evidence rebutting his
“self-defense” theory is legally and factually insufficient because complainant’s
violent past and the injuries he inflicted upon appellant with the fire extinguisher
made it reasonable that appellant believed deadly force was necessary to protect
himself.
          The State contends the jury could not have found self-defense because in
acquitting appellant of murder, it determined appellant did not act intentionally or
knowingly in shooting complainant. The State asserts a defendant cannot be guilty
of recklessly killing someone while acting in self-defense because self-defense only
applies when the defendant acts with reasonable belief that his use of force is
immediately necessary to protect himself against the other’s use or attempted use of
force. See, e.g., Avila v. State, 954 S.W.2d 830, 843 (Tex. App.—El Paso 1997, pet
ref’d) (appellant’s testimony that he acted in self-defense precluded instruction on
reckless discharge of weapon); Mock v. State, 848 S.W.2d 215, 219 (Tex. App.—El
Paso 1992, pet ref’d) (“One cannot accidentally or recklessly act in self-defense”). 
We agree the jury could not have found that appellant acted in defense of himself
after determining he acted recklessly. 
          Viewing the evidence neutrally, we conclude the evidence is not so weak that
the verdict is clearly wrong or manifestly unjust and the verdict is not against the
great weight and preponderance of the evidence. See Johnson, 23 S.W.3d at 11. We
hold the evidence is factually sufficient to sustain the manslaughter conviction. See
id. We overrule appellant’s third and fourth issues.

Conclusion
          We affirm the judgment of the trial court.




                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).