**Lois Fay DADE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 68362.**

Court of Criminal Appeals of Texas.

Oct. 21, 1981.

Michael Byck, Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Jeffrey B. Keck, Rider Scott and R. R. Smith, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On May 25, 1979, following her plea of guilty, appellant was convicted of conspiracy to commit implements for escape (Tex. Penal Code Ann. Sec. 38.10).[1] Punishment

---

1. The section reads in pertinent part:

"(a) A person commits an offense if, with intent to facilitate escape, he introduces into a penal institution, or provides an inmate with, a deadly weapon or anything that may be useful for escape.

"(b) An offense under this section is a felony of the third degree unless the actor intro-

was assessed at five years, probated. On December 11, 1980 appellant's probation was revoked after she pled true to four violations alleged in the motion to revoke probation.

Appellant's sole contention that the court abused its discretion in revoking her probation questions the sufficiency of the indictment for conspiring to provide implements for escape. Appellant urges that the indictment alleges only the offense of implements for escape and fails to allege that the accused agreed or conspired to introduce or provide a deadly weapon to an inmate. A charge of providing implements for escape which are not deadly weapons carries a penalty of felony in the third degree and under Art. 15.02(d) of the Penal Code a conviction for conspiracy to provide implements for escape which are not deadly weapons is punishable by one category lower than the felony which is the subject of the offense. Thus, appellant urges she was indicted for conspiracy of a felony of the third degree in which case punishment is that of a Class A misdemeanor and her subsequent felony conviction and revocation of probation are therefore void.

The indictment at issue alleges in pertinent part that the appellant:

"knowingly and intentionally with intent that a felony, to-wit: Implements for Escape, be committed, did then and there knowingly and intentionally agree with James Edward Davis and Veester Marie Davis that they would engage in conduct that would constitute said offense, and the said defendant did knowingly and intentionally perform an overt act in pursuance to said agreement, to-wit: *the said Defendant did then and there with intent to facilitate the escape of an inmate,* James Edward Davis, from a penal institution, to-wit: The Dallas County Jail, possess a deadly weapon, to-wit: a handgun, with intent to *provide the said James Edward Davis with the said deadly weapon.*" (Emphasis Provided).

duced or provided a deadly weapon, in which event the offense is a felony of the second degree."

In *Arney v. State*, 580 S.W.2d 836 (Tex. Cr.App.), a similarly worded indictment was found sufficient to uphold a conviction for conspiracy to commit aggravated robbery. The *Arney* indictment alleged the defendant:

"with intent that the offense of robbery be committed agree[d] with Marion Edward Coulston and Roland Bassham to while in the course of committing theft of money of the United States, hereinafter called the property, from Jennings Whitter, with intent to obtain and maintain control of the property, knowingly and intentionally cause bodily injury to Jennings Whitter and, in pursuance of such agreement, Marion Edward Coulston did shoot the said Jennings Whitter with the gun while attempting to commit robbery of the said Jennings Whitter." *Id.* at 839.

By applying the same reasoning administered in *Arney* it is clear that the indictment in the instant case alleges the felony (third degree) offense of conspiracy to provide implements for escape. The indictment alleges all three elements of the offense by stating that the appellant: (1) with the intent to provide inmate Davis with implements for escape (2) agreed with inmate Davis and Veester Davis (3) to provide inmate Davis with a deadly weapon, and (4) in pursuance to that agreement took possession of a handgun. Thus, the indictment alleges the intent, agreement, and overt act required to commit criminal conspiracy under Tex. Penal Code Ann. Sec. 15.02, as well as alleging the elements of implements for escape, Tex. Penal Code Ann. Sec. 38.10. Finally, the indictment unequivocally states that the implement for escape was intended to be a handgun which has been construed to constitute a deadly weapon *per se. Giles v. State,* 617 S.W.2d 690; *Williams v. State,* 567 S.W.2d 507 (Tex.Cr.App.); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.); *Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.). The indictment, therefore, is sufficient to allege a felony offense.

We find that the indictment is not fundamentally defective and overrule appellant's single contention. No abuse of discretion is shown in the revocation of appellant's probation.

The judgment is affirmed.