**Mike CHAVEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63798.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 28, 1983.

Mike DeGeurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., George McCall Secrest, Jr., and Kenneth Sparks, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION

W.C. DAVIS, Judge.

A jury found appellant guilty of murder under V.T.C.A. Penal Code, § 19.02(a)(2). The trial court sentenced appellant to thirty years' confinement.

Appellant contends that his conviction is invalid because the second paragraph of the indictment is fundamentally defective in that it lacks an essential intent element. Appellant also contends that the trial court erred in including in the judgment a finding that the murder was committed by use of a deadly weapon.

■ Appellant's first contention concerning the indictment was addressed by this Court in *Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex.Cr.App.1983). The second paragraph of the indictment in this case charges appellant with murder under § 19.02(a)(2):

"[T]he Defendant . . . did then and there unlawfully intend to cause serious bodily injury to VICTOR M. AVINA, . . . and did cause the death of [Victor M. Avina] by committing an act clearly dangerous to human life, namely, shooting him with a gun."

The indictment paragraph tracks the statutory language almost exactly. Appellant contends that although the charge tracks the statute, the statute is not sufficient to provide adequate notice. He argues that an additional intent element is required for the "act clearly dangerous to human life." The majority and concurring opinions in *Lugo-Lugo* dealt with this contention thoroughly.

Appellant's first ground of error is overruled.

Appellant's other ground of error concerns the inclusion in the judgment of a finding that the offense was committed with a deadly weapon. Appellant contends that the allegation in the indictment on which the conviction is based, states only that a "gun" was used in the murder and that there is no averment that such gun was a deadly weapon, and therefore, that the jury verdict based upon the indictment,

does not affirmatively find that a *deadly weapon* was used.

■ If the indictment does not allege use of a deadly weapon, appellant is entitled to have the judgment reformed to delete the court's finding, because the jury verdict only found appellant guilty "as charged in the second paragraph of the indictment." *Ruben v. State*, 645 S.W.2d 794, 797, 798 (Tex.Cr.App.1983); *Barecky v. State*, 639 S.W.2d 943 (Tex.Cr.App.1982); *Ex Parte Thomas*, 638 S.W.2d 905 (Tex.Cr.App.1982).

The indictment charged appellant with murder "by committing an act clearly dangerous to human life, namely, shooting him with a gun." The verdict, signed by the foreman, read: "We, the jury, find the defendant guilty of murder as charged in the second paragraph of the indictment." The issue thus presented is whether "shooting him with a gun" alleges use of a deadly weapon. If so, the jury verdict based upon the indictment authorized the inclusion in the judgment of a finding of use of a deadly weapon.

■ In *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App.1979) the indictment alleged ". . . attempt to cause the death of (complainant) by stabbing (complainant) with a knife." The court stated that this allegation of use of a knife in an attempt to cause death is an allegation that the knife is a deadly weapon. This allegation supported the verdict finding the defendant guilty of a lesser included offense under V.T.C.A. Penal Code, § 22.02. Similarly, in the present case, the indictment alleges ". . . shooting him with a gun." We hold that this allegation charges murder under V.T.C.A. Penal Code, § 19.02(a)(2) and charges the use of a deadly weapon.

V.T.C.A. Penal Code, § 1.07(a)(11) defines "deadly weapon" in the following terms:

"(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of

causing death or serious bodily injury."

Unlike a pistol, (*Williams v. State,* 567 S.W.2d 507 [Tex.Cr.App.1978]), a firearm, (*Stewart v. State,* 532 S.W.2d 349 [Tex.Cr.App.1976]), or a 30–30 calibre rifle (*Bravo v. State,* 627 S.W.2d 152 [Tex.Cr.App.1982]), which are deadly weapons per se, "gun" has not been found to be a deadly weapon per se. However, if in *Hart,* supra, the allegation of *attempting* to cause death by stabbing with a knife (also not a deadly weapon per se) sufficiently alleges use of a deadly weapon, then a fortiori, the instant allegation of *causing* death by shooting with a gun also so alleges. Not only was the gun capable of causing death or serious bodily injury, it did cause death. We hold that the indictment charges murder under § 19.02(a)(2) by use of a deadly weapon.

In *Ex Parte Moser,* 602 S.W.2d 530, 533 (Tex.Cr.App.1980) the jury found the defendant guilty of murder "as charged in the indictment." The Court said:

> "In these circumstances, the verdict necessarily included a finding that the applicant committed murder by shooting the individual with a pistol. Therefore this verdict must amount to an affirmative finding that the applicant used a firearm in the commission of the offense."

Similarly, the instant verdict necessarily implicates a finding of use of a deadly weapon.

Appellant also claims that since the finding of use of a deadly weapon operates to invoke Art. 42.12, § 15(b) V.A.C.C.P., which means that appellant is precluded from earning good time credits until ten years of his term have been served, appellant's punishment is more severe than it would otherwise be. Therefore, appellant claims that the State was required to plead the deadly weapon in the indictment and could not simply make a finding later without so pleading initially.

▮ Our determination that the indictment does allege use of a deadly weapon disposes of this claim. However, we note that appellant's claim that a finding under Art. 42.12 § 15(b) makes the punishment more severe in this case and therefore, that the finding must be pled is not supported by the authority he cites. *Welcome v. State,* 438 S.W.2d 99, 102–103 (Tex.Cr.App. 1969) deals with the term of years *assessed* and the finding in this case affects parole eligibility. There is no effect on the verdict or on the punishment assessed. Appellant's contention is without merit.

Appellant's second ground of error is overruled.

The judgment is affirmed.

ONION, P.J., and TEAGUE, J., dissent.