**Ex parte David McLEMORE.**

**No. 69619.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1986.

Ebb B. Mobley, Longview, for appellant.

Carter Beckworth, Dist. Atty. and John W. Tunnell, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This proceeding involves an application for a writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Applicant was indicted for the offense of murder. On May 11, 1983, a jury convicted applicant of voluntary manslaughter and assessed his punishment at twelve years' confinement in the Texas Department of Corrections. Applicant did not appeal his conviction.

Applicant is seeking relief from an affirmative finding by the trial court that he used a deadly weapon during the commission of the offense. That finding affects the amount of time he must serve in confinement before he is eligible for parole under Article 42.12, Sec. 15(b), V.A.C.C.P., in effect at the time of the 1982 offense and applicant's 1983 conviction. Applicant contends that the finding was erroneous because such finding, if any, should have been made by the jury and not the court. Applicant requests that he be discharged or, alternatively, that the finding be deleted.

The indictment in this cause alleged in pertinent part that applicant did "intentionally and knowingly cause the death of an individual, Ella Faye McLemore, by shooting her with a handgun,...." The jury was the trier of facts and decided both the guilt of applicant and his punishment. In the charge on voluntary manslaughter the jury was instructed in pertinent part as follows:

"If you find ... the Defendant, DAVID McLEMORE, did intentionally or knowingly cause the death of Ella Faye McLemore by shooting her with a handgun, but you further find ... sudden passion arising from an adequate cause, then you will find the Defendant guilty of Voluntary Manslaughter."

The verdict returned by the jury states that: "We, the Jury, find the Defendant,

DAVID McLEMORE, Guilty of Voluntary Manslaughter." In the judgment rendered by the trial court, the following finding was entered: "The Court made an affirmative finding that a deadly weapon was used."

■ *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985), instructs that there are three situations where an affirmative finding may properly be made. In the second situation delineated, an affirmative finding arises as a matter of law. *Id.* at 394. That occurs where the weapon pled is a deadly weapon per se but is not specifically pled as such (by using the nomenclature "deadly weapon"). When the trier of fact finds that a handgun was used, it finds that a deadly weapon was used. The additional finding occurs because a handgun is a deadly weapon per se. *Ex parte Campbell*, 716 S.W.2d 523 (Tex.Cr.App.1986); *Dade v. State*, 622 S.W.2d 580, 581 (Tex.Cr.App.1981).

■ The question, then, is whether the jury in the instant cause found that a handgun was used. The jury found applicant guilty of the lesser included offense of voluntary manslaughter. That verdict means that the jury believed that applicant caused the death of an individual. In both the indictment and the application portion of the court's charge, the instrumentality of death was a handgun. Therefore, the jury found that a handgun was used. An affirmative finding of the use of a deadly weapon was made by the jury.

■ However, it is necessary to reform the judgment. The trial court improperly ascribed the finding of use of a deadly weapon to the court. When the jury is the trier of fact, it is the jury's duty to determine if a deadly weapon was used. *Thomas v. State*, 638 S.W.2d 905, 907 (Tex.Cr.App.1982). Accordingly, the judgment is reformed to indicate that the jury made a finding that "the defendant used or exhibited a deadly weapon during the commission

of said offense." As reformed, the relief prayed for is denied.

It is so ordered.

TEAGUE and MILLER, JJ., dissent.

CLINTON, Judge, joining Judgment of the Court.

Slowly but surely the majority is causing the Court to backslide on the matter of "an affirmative finding" within the meaning of Article 42.12, § 3g(a)(2), V.A.C.C.P., as interpreted in the gospel according to *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Cr.App. 1985). *Polk*, it may be recalled, sought to "save all of us from sinking ever deeper into the quagmire of ['implied' findings]," *id.*, at 396.

In *Ex parte Campbell*, 716 S.W.2d 523 (Tex.Cr.App.1986), mainly because the jury verdict contained a magic phrase "as charged in the indictment," the majority concluded there was "a *sufficient* affirmative finding...." [my emphasis here and throughout]. This writer expressed his discontent with a conclusion that "smacks a great deal like that which *Polk* found to be spoiled and thus sought to throw out," in that "because the jury found appellant guilty 'as charged in the indictment' the majority has inferred appellant used a firearm from the fact that he did cause death by shooting deceased with something called a 'handgun'." Opinion Joining the Judgment of the Court, at 2–3.*

In the instant cause, since voluntary manslaughter *eo nomine* had not been alleged in the indictment, the jury verdict does *not* end with "as charged in the indictment." Even without the magic phrase, however, here as in *Bracelet*, supra, from facts that "the jury believed that applicant caused the death of an individual" and that "the indictment and the application portion of the court's charge [state] the instrumentality of death was a handgun," the majority is content to infer: *"Therefore*, the jury found that a handgun was used." Voilà!

---

* Believing it to be "a gesture in futility," *ibid*, I did not dissent then nor in *Bracelet v. State*, 702 S.W.2d 194 (Tex.Cr.App.1986). However, as the

majority continues to slide back into the same "quagmire," from time to time at least a warning must be given.

"An *affirmative finding* of the use of a deadly weapon was made by the jury."

In *Polk,* supra, the Court revisited *Ex parte Moser,* 602 S.W.2d 530 (Tex.Cr.App. ·1980) and *Chavez v. State,* 657 S.W.2d 146 (Tex.Cr.App.1983), and discerned flawed rationale, *viz:*

> "Overlooked by the reasoning employed in these cases is that an 'implied' or an 'amounts to' finding is not an *express* finding that a deadly weapon was used or exhibited by the defendant.  .... Therefore we now expressly disapprove of any language in *Moser,* supra, or *Chavez,* supra, that would perpetuate this practice."

*Id.,* at 396 [emphasis by the Court].  Furthermore, the Court declared:

> "No longer will a verdict 'amount to' or 'necessarily imply' an affirmative finding of use or exhibition of a deadly weapon or firearm.  We will no longer look to the facts of the case to permit an 'implied' affirmative finding as the court of appeals, relying on prior case law, did in this case.  We overrule all prior holdings to the contrary."

*Ibid.*

*Polk* made an effort, but *Bracelet, Campbell* and *McLemore,* will not save any of us from "the quagmire of 'implied' affirmative findings."  Being *Moser* and *Chavez* reincarnated, they *are* the quagmire, and today the majority gives *Polk* a shove.  The "second situation delineated" in *Polk* is now in a precarious position, and by extension so is the first.  As more and more of *Polk* is pushed into the quagmire, we are sure to see courts "sinking ever deeper" into it.

To shore up *Polk* before it is too late the Court should hold that a trier of fact is not authorized to find a thing is a deadly weapon for purposes of Article 42.12, § 3g(a)(2) and Article 42.18, § 8(b), V.A.C.C.P., unless that thing is alleged as an element of the offense or, if not an element, is alleged to be one somewhere on the indictment.  See my separate opinions in *Polk* and *Campbell,* supra.

So long as the majority treats problems created by those statutory provisions in the retrogressive fashion currently in vogue, I am constrained merely to join the judgment of the Court.

CAMPBELL, J., joins this opinion.