**Ex parte Paul Reyonosa CARRASCO.**

**No. 69965.**

Court of Criminal Appeals of Texas, En Banc.

May 11, 1988.

Paul Reyonosa Carrasco, pro se.

Danny Hill, Dist. Atty., and Ruth Starr, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.

Applicant was convicted of murder in Cause No. 24,395–D in the 320th District Court on January 27, 1986. The jury which convicted him also assessed his punishment at 30 years' imprisonment.

Applicant in his habeas application contends the trial court improperly added an affirmative finding to the judgment reading:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED ... that the said defendant committed said offense by using and exhibiting a deadly weapon...."

Applicant argues that the court was unauthorized to make such finding as the indictment, though alleging the use of a handgun, failed to allege a deadly weapon was used in the commission of the offense, the charge did not submit to the jury a special issue concerning the use or exhibition of a deadly weapon during the commission of the offense, the verdict form utilized made no reference to a deadly weapon and the court was not the trier of the facts. He further contends that the State failed to notify him by allegations in the indictment or otherwise that it intended to seek a finding that the crime alleged involved the use or exhibition of a deadly weapon so as to make him ineligible for parole until his actual calendar time served, without consideration of good conduct time, equaled one-third of the maximum sentence. See *Ex parte Patterson,* 740 S.W.2d 766 (Tex. Cr.App.1987); Articles 42.12, § 3g(a)(2), and 42.18, § 8(b), V.A.C.C.P. Applicant complains that such improper finding affects his eligibility for parole under the above cited statutes.

The indictment in part alleged that on or about November 22, 1985, that appellant

"did then and there knowingly and intentionally cause the death of Anthony Brito, an individual, hereafter styled the complainant *by shooting* the complainant *with a handgun...."* (Emphasis supplied.)

The charge tracked the indictment in applying the law to the facts. The jury returned its verdict at the guilt stage of the trial reading:

"We, the jury, having found the defendant Paul Reynosa Carrasco, *guilty* of the offense *of murder as charged in the indictment,* assess his punishment at 30 years confinement in the Texas Department of Corrections.

"/s/ *Colis D. Cotton*
Foreman of the Jury"

(Emphasis supplied.)

The court thereafter entered its judgment containing the now contested affirmative finding as to the use of a deadly weapon and immediately following the recitation of the jury verdict in the judgment.

Article 42.12, § 3g(a)(2), supra, provides in pertinent part:

"... Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment."

Article 42.18, § 8(b)(1), supra, provides:

"A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Subdivision (1), Subsection (a), Section 3g, Subdivision (2) of Subsection (a) of Section 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-fourth of the maximum sentence or 15 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time

equals one-fourth of the maximum sentence imposed or 15 years, whichever is less."

Only recently in *Ex parte Campbell*, 716 S.W.2d 523 (Tex.Cr.App.1986), we were confronted with a similar situation. Campbell was indicted for murder by shooting the victim "with a handgun." The jury, at the guilt stage of the trial, found the defendant guilty of murder "as charged in the indictment." There was no special issue submission as to the use or exhibition of a deadly weapon. Subsequently, at the penalty stage of the trial the jury assessed Campbell's punishment at life imprisonment, and the court in its judgment entered the affirmative finding as to the use of a deadly weapon.

In *Campbell*, supra, it was stated:

"In *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Cr.App.1985), it was written:

" 'We pause to note that in some instances an affirmative finding will arise as a matter of law. If the trier of fact finds that a pistol has been used in the commission of the offense under the circumstances described above, then it has found that a deadly weapon has been used since a pistol is a deadly weapon per se. *Williams v. State*, 567 S.W.2d 507 (Tex.Cr.App. 1978); *Giles v. State*, 617 S.W.2d 690 (Tex.Cr.App.1981), and cases cited therein at 691. Thus analysis would extend to other instruments categorized as per se deadly weapons, such as a firearm. *Stewart v. State*, 532 S.W.2d 349 (Tex.Cr.App.1976); a 30–30 calibre rifle, *Bravo v. State*, 627 S.W. 2d 152 (Tex.Cr.App.1982); *or a handgun, Dade v. State*, 622 S.W.2d 580 (Tex.Cr.App.1981).' " (Emphasis supplied.)

Further, in *Polk* at p. 396, it was stated:

" 'Where the jury is the trier of fact, the trial court may not properly enter that they have made an affirmative finding concerning the defendant's use or exhibition of a deadly weapon or firearm during the commission of the offense unless:

" '1) the deadly weapon has been *specifically* plead *as such* (using the nomenclature "deadly weapon") in the indictment. (Applies where the verdict reads, "guilty as charged in the indictment." See [*State v.*] *Barecky*, [639 S.W.2d 943 (Tex.Cr.App.1982)] supra.)

" '2) where not specifically pled in "1)" above as a deadly weapon or firearm, the weapon pled is per se a deadly weapon or a firearm; or

" '3) a special issue is submitted and answered affirmatively.

No longer will a verdict "amount to" or "necessarily imply" an affirmative finding of use or exhibition of a deadly weapon or firearm. We will no longer look to the facts of the case to permit an "implied" affirmative finding as the Court of Appeals, relying on prior case law, did in this case. We overrule all prior holdings to the contrary.' (Emphasis in the opinion itself.)"

While the *Campbell* indictment did not specifically use the nomenclature "deadly weapon" it did allege that the offense of murder was committed by shooting "with a handgun." We there concluded that a handgun was a deadly weapon as a matter of law. We held that the jury was the trier of the facts at both stages of the trial and was the proper fact finder as to whether a deadly weapon was used, and that the verdict at the guilt stage of the trial finding Campbell guilty of murder "as charged in the indictment" which included the allegation "shooting ... with a handgun" was a sufficient affirmative finding by the jury of the use of a deadly weapon in the commission of the offense. The trial court in *Campbell* did not err in making the entry in the judgment. See and cf. *Ex parte McLemore*, 717 S.W.2d 634 (Tex.Cr.App. 1986).

We adhere to our holding in *Campbell*, supra, and now decide whether sufficient notice was given. *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Cr.App.1987), held that where the State intends to seek an affirmative finding that the crime alleged involved the use or exhibition of a deadly weapon the due course of law requires the State

give notice thereof. The opinion by Judge Clinton, with two judges concurring in the result, held that notice was not necessarily required to be in the indictment, but it may be given there and preferably in a separate paragraph. A concurring opinion by Judge Miller, in which two judges joined, held that adequate and timely notice, if not in the indictment, should be "evidenced in the record in some other manner."

Not much of the trial record is in this habeas proceeding. The indictment, docket sheet and judgment is all there is. We do note, however, that the indictment alleged the murder was committed by a shooting with a handgun. V.T.C.A., Penal Code, § 19.02(a)(1). The applicant was thus put on notice of the elements of the offense upon which he would be called to defend against including that the shooting was with a handgun. He further had notice that if the State proved all the elements of the alleged offense there would be an adequate basis for an affirmative finding of a deadly weapon by the trier of the facts since a handgun is a deadly weapon per se. The indictment and Article 42.-12, § 3g(a)(2), supra, gave him sufficient notice.[1]

The relief prayed for is denied.

CLINTON, J., dissents.

1. Thus, there is no need for a remand for an evidentiary hearing to determine if other parts of the record also gave notice.