Affirmed and Opinion filed December 5, 2002














Affirmed and
Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01184-CR

_______________

 

LARRY LARNAIL
GRAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________________________

 

On Appeal from 337th District Court

Harris County, Texas

Trial Court Cause No. 855,928

______________________________________________________________________

 

O P I N I O N

            Appellant, Larry Larnail
Gray, appeals a conviction for murder on the following grounds: (1) the
evidence presented by the State was factually insufficient; (2) the trial court
erred by including an instruction on voluntary intoxication; and (3) the trial
court erred in admitting testimony from a State’s witness before determining
his qualifications to be an expert. 
Finding no merit in appellant’s three points of error, we affirm the
trial court’s judgment.  








Facts

            After receiving information that
appellant’s brother (complainant’s stepfather) had died, the family met to
discuss funeral arrangements.  The
complainant, Shannon Pitre, also attended the
meeting.  At the meeting, appellant was
purportedly angered because he felt that complainant was trying to choose the
funeral home.  The complainant left the
meeting with Michael Dennis, a family friend, who was driving a truck.  After appellant threw a beer can at the
truck, the family friend pulled over onto the right shoulder.  When complainant exited the truck, appellant
fired three shots from two different rifles. 
One of the shots hit complainant in the back, causing his death.  Appellant later signed a confession admitting
that he shot the complainant.  Appellant
did not testify during the guilt-innocence phase of the trial.  However, he contends that he was shooting solely
with the intent of frightening the complainant.

Factual
Insufficiency

            In
appellant’s first point of error, he contends the evidence is factually
insufficient to support a conviction for murder.  To support his contention, appellant offers
his signed confession: the pertinent portion reads, “I was not trying to kill Shannon, I was
just trying to scare him.”  

            In reviewing factual sufficiency of
the evidence, we view all the evidence in a neutral light, both for and against
the finding, and set aside the verdict only if “proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.”  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We review the fact finder’s weighing of the
evidence and are authorized to disagree with the fact finder’s
determination.  Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996).  In our review, we must not substitute our own
judgment for that of the jury.  See Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996).

            A mental state, such as intent, is
necessarily proved by circumstantial evidence. 
Sadler v. State,
728 S.W.2d 829, 831 (Tex. App.—Dallas 1987, no pet.).  Because it has exclusive power to determine
factual disputes, the jury may infer intent to kill from the use of a deadly
weapon.  Mercado v. State, 718 S.W.2d 291, 295
(Tex. Crim. App. 1986).  A rifle is a deadly weapon per se.  Chavez v. State, 657 S.W.2d 146, 148 (Tex. Crim.
App. 1983).  Intent to kill can
also be inferred from the acts, words, and conduct of the defendant.  Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim.
App. 1974). 

            The appellant fired at least three
shots.  The record further indicates that
appellant used two different high-powered rifles, one of which had a
scope.  Both rifles were deadly weapons
and by shooting toward complainant at least three times, one could reasonably
infer that appellant intended to kill him. 
The only contrary evidence that appellant did not intend to kill complainant
is his confession.  Accordingly, we hold
that the proof of guilt is not so obviously weak as to undermine confidence in
the jury’s verdict.  For these reasons,
we overrule appellant’s first point of error. 


Jury
Instruction

            In appellant’s second point of
error, he contends the trial court erred when it submitted the State’s proposed
jury instruction on the issue of appellant’s voluntary intoxication.  The trial court charged the jury as follows:

Voluntary intoxication does not constitute a defense to the commission
of a crime.  “Intoxication” means
disturbance of mental or physical capacity resulting from the introduction of
any substance into the body.

 

 

 class=Section3>

This
instruction tracked the language of section 8.04 of the Texas Penal Code.  Appellant voiced no objection to the
instruction.  Appellant now contends the
instruction constituted an impermissible comment on the weight of the evidence.


            An instruction on voluntary
intoxication is appropriate if there is any
evidence from any source that might lead a jury to conclude that the defendant’s
intoxication excused his actions.  Taylor v. State, 885
S.W.2d 154, 157–58 (Tex. Crim. App. 1994) (emphasis
added).  It is undisputed that
appellant drank beer on the night of the shooting.  It is also undisputed that appellant threw a
beer can toward the truck occupied by the complainant.  A reasonable jury might conclude that
appellant’s intake of alcohol contributed to the extent of his hostility toward
the complainant.  We find, therefore,
some evidence exists for the trial court to instruct the jury on voluntary
intoxication.  

            Moreover, we find no egregious harm
in submitting this instruction.  See Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996) (when
defendant fails to object, he must show egregious harm to warrant reversal).  The court’s statement of the applicable law
was not a comment on the weight of the evidence.  See Taylor, 885 S.W.2d at 157.  At
worst, the instruction was superfluous.  Zuliani v. State, 52 S.W.3d 825, 832 (Tex.
App.—Austin 2001, pet. granted).  If
appellant was intoxicated and did not use intoxication as a defense, the jury
could simply ignore the instruction; if the jury believed he was intoxicated,
the instruction correctly guided them to ignore the intoxication.  Id.

Witness
Testimony

            In point of error number three,
appellant contends the State’s crime scene witness was not qualified to render
an opinion regarding blood splatter. 
Deputy Ortiz testified that based on his examination of blood splatter,
the complainant was standing outside of the vehicle when he was shot.  Appellant contends that this testimony
directly contradicts his defensive theory because it tends to prove he intended
to kill the complainant.  

            We recognize that the party
proffering testimony from an expert bears the burden of showing by clear and
convincing evidence that the witness is qualified on the specific matter in
question.  Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).  However, we are not so persuaded that the
failure in this case is reversible error. 
Assuming that Deputy Ortiz was not qualified as an expert on blood
splatter evidence, there was other testimony supporting the State’s contention
that complainant was standing outside the truck when he was shot.  Michael Dennis, the driver of the truck,
pulled onto a right shoulder and stopped after appellant threw the beer
can.  Dennis heard three shots after
complainant exited the truck.  Detective
Walter Kuhlman testified that he observed the complainant’s body lying beside
the pickup truck.  Dr. Patricia Moore,
the medical examiner, testified that the cause of the complainant’s death was a
gunshot to the back.  Therefore, the jury
could have concluded that the complainant was standing outside the truck when
shot.  Accordingly, the error, if any, is
rendered harmless because the same facts were established by other
evidence.  Willis v. State, 785 S.W.2d 378, 383 (Tex. Crim.
App. 1989) (applying the rule that inadmissible evidence can be rendered
harmless if other evidence at trial is admitted without objection and tends to prove
the same fact that the inadmissible evidence was offered to prove).  

            We find that the error, if any, was
harmless.  Accordingly, we overrule
appellant’s third point of error and affirm the judgment of the trial court. 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed December
 5, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.3(b).