11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kenny Dewayne Taylor

Appellant

Vs.      
            Nos. 11-01-00247-CR and
11-01-00248-CR B Appeals from Taylor County

State of Texas

Appellee

 

The jury
convicted Kenny Dewayne Taylor of the offenses of aggravated robbery of Koscina
Lashae Pennye (No. 11-01-00248-CR) and burglary of a habitation (No.
11-01-00247-CR).  The trial court
assessed appellant=s
punishment at confinement for 40 years and 14 years respectively, with the
sentences to run concurrently.  We
affirm.

                                                                Background
Facts

The grand
jury indicted appellant, Michael Anthony Sneed, Rodney Everatt Reid, and
Carlene Marie Fulton for 3 offenses that occurred during the night of January
22, 1997, and the early morning hours of January  23, 1997.  The offenses
were:  (1) aggravated robbery of Pennye;
(2) burglary of a habitation; and (3) aggravated robbery of William Richard
Myrick.  Fulton reached a plea agreement
with the State.  She became the State=s key witness against appellant, Sneed, and
Reid.  

This
appeal arises from appellant=s third trial for these three offenses.  In the first trial, appellant, Sneed, and Reid were tried
together, and the jury convicted them of all three offenses.  They moved for a new trial, alleging that
the State had failed to disclose the existence of a plea agreement with Fulton.
The trial court granted their motion for new trial.  In the second and third trials, the State tried appellant
separate from Sneed and Reid.  In the
second trial, the jury again convicted appellant of  all three offenses. 
Appellant appealed his convictions to this court; and, because the trial
court had erred in admitting proof of appellant=s statements during plea negotiations, we reversed and remanded the
causes to the trial court for a new trial. 
See Taylor v. State, 19 S.W.3d 858 (Tex.App. - Eastland 2000, pet=n ref=d). 








            In
the third trial, the jury convicted appellant of the aggravated robbery of
Pennye in Trial Court Cause No. 4293-D and burglary of a habitation in Trial
Court Cause No. 4297-D.  The jury
acquitted appellant of the aggravated robbery of Myrick in Trial Court Cause
No. 4300-D.

                                                                  Issues
Presented

Appellant
presents two points of error for review. 
In his first point, he complains that the trial court erred in failing
to instruct the jury on the lesser included offense of robbery of Pennye.  In his second point, he asserts that the
trial court erred in denying his motion for change of venue because pretrial
publicity prevented him from receiving a fair and impartial trial in Taylor
County.

                                       Trial
Court=s Denial of Motion for Change of Venue

Appellant
moved for a change of venue under TEX. CODE CRIM. PRO. ANN. art. 31.03(a)(1)
(Vernon 1989).  Article 31.03(a)(1)
provides that the trial court may grant a change of venue on a written motion
of the defendant if Athere
exists in the county where the prosecution is commenced so great a prejudice
against him that he cannot obtain a fair and impartial trial.@  A
defendant moving for a change of venue Abears a heavy burden to prove the existence of such prejudice in the
community that the likelihood of obtaining a fair and impartial jury is
doubtful.@  See
McGinn v. State, 961 S.W.2d 161, 163 (Tex.Cr.App.1998); DeBlanc v. State, 799
S.W.2d 701, 704 (Tex.Cr.App.1990); Nethery v. State, 692 S.W.2d 686, 694
(Tex.Cr.App.1985), cert. den=d, 474 U.S. 1110 (1986).  We
review a trial court=s
denial of a motion for a change of venue under an abuse of discretion
standard.  McGinn v. State, supra at
163.

Appellant
asserts that pretrial publicity prevented him from obtaining a fair and
impartial jury.  In order for a
defendant to obtain a change of venue based on media attention, the defendant
must show that Athe publicity about the case was pervasive,
prejudicial, and inflammatory.@  Salazar v. State, 38 S.W.3d
141, 150 (Tex.Cr.App.2001); Bell v. State, 938 S.W.2d 35, 46 (Tex.Cr.App.1996),
cert. den=d, 522 U.S. 827 (1997); DeBlanc v. State,
supra at 704.  The defendant must
establish an Aactual, identifiable prejudice attributable
to pretrial publicity on the part of the community from which members of the
jury will come.@ 
DeBlanc v. State, supra at 704.  








Appellant
supported his motion for change of venue with his own affidavit and the
affidavits of two Abilene lawyers. 
Appellant and the lawyers asserted that his prior two trials for the
offenses in question resulted in Aa great deal of media coverage regarding [appellant] and the other
parties involved.@  They further stated that the Aprior coverage has made it widely known that
[appellant] has been convicted on two separate occasions@ and that A[t]he sentences [appellant] received in each case has also been widely
reported.@ 

At the
hearing on the motion, appellant testified that he did not believe he could get
a fair trial in Taylor County because of the publicity.  Appellant=s counsel introduced 29 articles that the Abilene Reporter-News
published from February 1, 1997, through August 10, 2000.  Of the 29 newspaper articles, the first 17
were related to appellant=s case.  They were published
between February 1, 1997, and February 4, 1999.  The articles reported facts regarding such matters as the
investigation of the offenses, appellant=s and his codefendant=s trials for the offenses, and the results of the trials.  The remaining 12 articles were about the
unrelated shooting death of Myrick, the store clerk who was involved in
appellant=s case, and crime trends in the Abilene
area.  Myrick was killed while at work
at the convenience store.  Appellant is
only mentioned in 1 of the 12 articles. 
The article stated that Myrick had been the victim in another case at
the same store and that appellant had been convicted twice in the other
case.  

Rodney
Holder, an Abilene police officer for 19 years, testified as a witness for the
State at the venue hearing.   He
testified that he recalled some media coverage about appellant=s first trial in 1998.  He testified that the coverage was not
inflammatory or prejudicial and that it merely reported the facts.  He further testified that he was not aware
of any rumors or feelings in the community that would prevent appellant from
receiving a fair jury. 








The
newspaper articles about appellant=s case were not prejudicial or inflammatory; the articles merely
reported facts.   Appellant did not
establish that his case received anything more than normal media attention or
that the newspaper articles were inaccurate. 
Appellant failed to meet his burden of showing that publicity about his
case was Apervasive, prejudicial, and inflammatory.@  The
type of Aaccurate and objective@ reporting complained of by appellant is not
an adequate basis for a venue change. 
See Bell v. State, supra at 46. 
Additionally, the newspaper published the last article about appellant=s case on February 4, 1999, more than 2 years
before his third trial.  ASuch delay tends to negate inferences that
substantial publicity would affect the community=s climate of opinion.@  Ransom v. State, 789 S.W.2d
572, 579 (Tex.Cr.App.1989), cert. den=d, 497 U.S. 1010 (1990).[1]

Appellant
failed to meet his burden of establishing that there was so great a prejudice
against him in Taylor County that he could not obtain a fair and impartial
trial.  See Article 31.03(a)(1).  The trial court did not abuse its discretion
in denying appellant=s
motion for change of venue.  We overrule
appellant=s second point of error.    

                        Trial Court=s Refusal to Instruct on Unindicted, Lesser
Included Offense

In his
first point of error, appellant asserts that the trial court erred in failing
to submit the lesser included offense of robbery of Pennye in Trial Court Cause
No. 4293-D.  A trial court must submit a
jury instruction on a lesser included offense if:  (1) the lesser included offense is Aincluded within the proof necessary to establish the offense charged@ and (2) some evidence exists in the record
that would permit a rational jury to find that, Aif the defendant is guilty, he is guilty only of the lesser offense.@ 
Arevalo v. State, 943 S.W.2d 887, 889 (Tex.Cr.App.1997), quoting
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Cr.App.), cert. den=d, 510 U.S. 919 (1993).  Neither
party disputes that robbery is a lesser included offense of aggravated
robbery.  Indeed, TEX. PENAL CODE ANN. ' 29.03(a)(2) (Vernon 1994) defines aggravated
robbery as the commission of robbery as defined in TEX. PENAL CODE ANN. ' 29.02 (Vernon 1994), with the use or
exhibition of a deadly weapon, such as a 
handgun as alleged in this case.[2]   Thus, we need only address the second prong
of the test.             








The issue
under the second prong of the test is whether any evidence exists in the record
that would permit a rational jury to find that, if appellant is guilty, he is
guilty only of the lesser offense of robbery. 
See Bignall v. State, 887 S.W.2d 21, 23 (Tex.Cr.App.1994).  In determining this issue, we review all of
the evidence presented at trial. 
Rousseau v. State, supra at 673; citing Havard v. State, 800 S.W.2d 195,
216 (Tex.Cr.App.1989); Lugo v. State, 667 S.W.2d 144, 147
(Tex.Cr.App.1984).  In order to raise
the lesser included offense, the evidence must affirmatively raise the issue; Ait is not enough that the jury may disbelieve
crucial evidence pertaining to the greater offense.@ 
Bignall v. State, supra at 24.  AIt is only when there is conflicting evidence
concerning an element of the greater offense which is not an element of a
lesser offense that a charge on lesser included offense need be given.@ 
Royster v. State, 622 S.W.2d 442, 444 (Tex.Cr.App.1981).  In this case, the State alleged that
appellant used a handgun during the robbery of Pennye.  If there is any evidence that would permit a rational jury to find that
appellant committed the robbery of Pennye without using or exhibiting a
handgun, then appellant was entitled to an instruction on the lesser offense of
robbery.  

In support
of his claim that he was entitled to a jury instruction on robbery, appellant
relies upon the testimony of Fulton, the State’s key witness.  Fulton testified that she drove appellant,
Reid, and Sneed around in her car on the night of the three alleged
offenses.  Fulton did not see appellant,
Sneed, or Reid carrying any weapons, but all three of the men were wearing
baggy clothes and could have
been carrying concealed weapons. 

Fulton provided testimony specifically
related to the alleged aggravated robbery of Pennye  at 1741 State Street. 
Earlier in the day, appellant purchased marihuana from a man named “Bear”
at the same house.  That night, Fulton,
appellant, Sneed, and Reid wanted to get more marihuana. They decided to go
back to the same house.  Fulton drove
the group back to the house, and appellant told her to park the car down the
street from the house.  She parked the
car.  Appellant, Sneed, and Reid got out
of the car and went to the house. Fulton waited for them in the car.  They returned without any marihuana.  Fulton drove the group away from the
scene.  








Pennye testified that, at about midnight on January 22,
1997, she was alone in her house at 1741 State Street.  Her boyfriend, Darrell Glenn, whose nickname
was “Bear,” also lived at the house but was working that night.  At about midnight, someone knocked on the
door.  She opened the door, and three
individuals barged into the house.  She
stated that all three of the individuals were wearing masks and carrying
handguns.  They pointed the guns at her.  She could tell that all three of the
individuals were men because of their voices. 
They all yelled at her.  They
demanded to know where the money was. 
While one of the men held her at gunpoint in the kitchen, the others
went through the house and ransacked it. 
She feared that they would kill her. 
They ordered her to get into the bathroom, and then they left. 

Glenn testified that he worked from four to
midnight on January 22, 1997.  After
work, he gave another employee a ride home, and then he went to his house at
1741 State Street.  He drove his car
into the driveway.  He saw two
individuals running around the side of his house.  He then saw a third individual. 
They were all wearing masks and carrying guns.  They jumped over a fence in the backyard as they were running
away.  Glenn thought that all three of
the individuals were men. 

Pennye is the only witness who testified about the
events that took place in her house during the commission of the offense.  Neither appellant, Sneed, nor Reid
testified.   

The evidence in this case, as detailed above,
does not affirmatively raise the issue of the lesser included offense of
robbery:  there is no evidence that the
robbery was committed without the use or exhibition of a deadly weapon.  In this regard, Pennye’s testimony is
undisputed.  She and three men were
present in her house during the commission of the offense.  She testified that all three  of the men had handguns.  Glenn saw three individuals leaving the
scene.  All three were carrying
handguns.  Fulton testified that she was
not present in Pennye’s home. 
Therefore, she had no way of knowing whether appellant, Sneed, or Reid
used or exhibited handguns during the commission of the offense.  Her testimony that she did not see them
carrying weapons does not provide any evidence that they did not use guns
during the robbery of Pennye.  

Because there is no evidence that appellant
committed the robbery without using or exhibiting a deadly weapon, there is no
evidence that would permit a rational jury to find that, if he is guilty, he is guilty only of robbery.  The trial court did not err in refusing to
instruct the jury on the lesser included offense of robbery.  We overrule appellant’s first point of
error.

                                                                This
Court’s Ruling

We affirm the judgments of the trial court.                                                                        

            


                                                                                                TERRY McCALL

JUSTICE

December 19, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and 

Wright, J., and McCall, J.











     [1]We note that A[t]he
trial court may use voir dire to help gauge the community climate.@  Bell v. State,
supra at 46, citing Henley v. State, 576 S.W.2d 66, 71 (Tex.Cr.App.1978); Black
v. State, 816 S.W.2d 350, 359 (Tex.Cr.App.1991).  A review of the voir dire proceedings also supports the trial
court=s denial of appellant=s
motion for change of venue.  During the
State=s voir dire, when 
asked about media coverage, only five venirepersons stated that they had
either heard about the case on television or read about it in the
newspaper.  Of these five, three stated
that they did not remember any details about the case, one stated that he
vaguely remembered reading something about it, and one stated that she
remembered reading about the case but that she had not formed a conclusion as
to guilt.  Defense counsel asked four of
these five venirepersons additional questions about media coverage, and all
four stated that they did not have any knowledge about the prior proceedings in
the case.  Thus, the voir dire proceedings
support a conclusion that the publicity in the case was not pervasive and did
not result in any prejudice against appellant.        





     [2]A handgun is per se a deadly weapon under TEX. PENAL
CODE ANN. ' 29.03 (Vernon 1994). 
Anderson v. State, 813 S.W.2d 177, 179 (Tex.App. - Dallas 1991, no
writ), citing Ex parte McLemore, 717 S.W.2d 634, 636 (Tex.Cr.App.1986).