**AFFIRM; and Opinion Filed May 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00018-CR

### THOMAS EDWARD GRACE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 401-80198-2009

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

Thomas Edward Grace pleaded guilty to conspiracy to commit aggravated assault. The trial court sentenced Grace to eight years' imprisonment and made an affirmative deadly weapon finding. In one issue, Grace complains he did not receive notice the State intended to seek a deadly weapon finding. We affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well-settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

**Background**[1]

Grace was charged with capital murder for the death of Craig Nail. On February 3, 2009, the State agreed to dismiss the capital murder charge and filed an information alleging that Grace:

> with intent that aggravated assault, a felony, be committed, agree[d] with Mark Lyle Bell and Vera Elizabeth Guthrie-Nail that they would engage in conduct that would constitute said offense, to wit: intentionally and knowingly cause serious bodily injury to Craig Nail, and Mark Lyle Bell performed an overt act in pursuance of said agreement, to wit: Mark Lyle Bell did cause the death of Craig Nail by shooting Craig Nail with a firearm.

Grace pleaded guilty to the conspiracy to commit aggravated assault charge and agreed to testify truthfully at the trials of Guthrie-Nail and Bell. Grace judicially confessed and admitted "to committing the offense of conspiracy to commit aggravated assault exactly as charged in the charging instrument[.]" During the plea hearing, Grace answered affirmatively when the trial court asked whether Grace was pleading guilty to the "offense charged of conspiracy to commit aggravated assault because you are guilty of the offense exactly as it is alleged in the information?" The trial court accepted Grace's guilty plea, "to the charge of conspiracy to commit aggravated assault as set forth in the information in this matter." The trial court deferred a finding of guilt, and recessed the hearing for future sentencing until after the conclusion of Bell's and Guthrie-Nail's trials. Grace subsequently testified at Guthrie-Nail's trial.

On December 14, 2012, the trial court resumed the proceedings in this case. The trial court found Grace guilty of conspiracy to commit aggravated assault and assessed punishment of eight years' imprisonment. The trial court made an oral finding that the evidence showed, beyond a reasonable doubt, that Grace:

---

[1] Because Grace does not challenge the sufficiency of the evidence to support the deadly weapon finding, we recite only those facts necessary to address his issue on appeal.

–2–

knew that a deadly weapon was going to be used in this conspiracy to inflict the serious bodily injury or death of the victim in this case, that [Grace] reasonably anticipated the use of that deadly weapon, and that that deadly weapon was indeed used by Mr. Bell.

The trial court then made an "affirmative finding of a deadly weapon." The trial court's judgment listed the "Finding on Deadly Weapon" as "YES, A FIREARM," and included a special finding that Grace:

used or exhibited a deadly weapon, namely, A FIREARM, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. ANN. art. 42.12 §3g.

### Analysis

In his sole issue, Grace contends the trial court erred by making an affirmative deadly weapon finding because he did not receive notice the State was seeking the finding. Grace specifically argues the information did not use language indicating a deadly weapon was part of the State's case, the trial court's admonishments when Grace pleaded guilty did not intimate the State was seeking an affirmative deadly weapon finding, and nothing was said during his testimony at Guthre-Nail's trial concerning the State seeking an affirmative deadly weapon finding.

A deadly weapon finding may be made if a defendant used or exhibited a deadly weapon during the offense or he was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2013); *Lafleur v. State*, 106 S.W.3d 91, 96 n.33 (Tex. Crim. App. 2003). However, a defendant is entitled to written notice that the State intends to seek an affirmative weapon finding. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); *Ex parte Brooks*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993) (per curiam). Failure to give any notice requires that the deadly weapon

finding be excluded from the judgment. *Patterson v. State*, 138 S.W.3d 643, 647 (Tex. App.—Dallas 2004, no pet.).

The notice the State will seek a deadly weapon finding can be contained in the charging instrument if it alleges use of a deadly weapon. *Ex parte Huskins*, 176 S.W.3d at 820. If the charging instrument alleges the defendant used a particular weapon to "cause the death" of an individual, it necessarily alleges the defendant used a deadly weapon. *Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim App. 2008) ("'It is apparent that any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, 'in the manner of its use . . . capable of causing' (since it *did* cause) death. Thus, applicant had sufficient notice that the weapon alleged is a deadly weapon and that her use of a deadly weapon would be an issue in the State's murder prosecution.'") (quoting *Ex parte Beck*, 769 S.W.2d 525, 526–27 (Tex. Crim. App. 1989)); *Ex parte Brown*, 773 S.W.2d 332, 333 (Tex. Crim. App. 1989) (allegation in information that applicant, with intent to commit murder, stabbed victim with knife provided sufficient notice to applicant that State alleged deadly weapon was used in commission of offense); *see also Ex parte Brooks*, 847 S.W.2d at 248.

The information in this case charged Grace with conspiring to commit aggravated assault with Bell and Guthrie-Nail and that Bell, one of Grace's co-conspirators, used a firearm during the offense to cause Nail's death. A firearm is a deadly weapon per se. See TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West Supp. 2013); *Huskins*, 176 S.W.3d at 820. Accordingly, the information included the allegations that Grace was a party to the offense and that a deadly weapon was used during the offense. *See Blount*, 257 S.W.3d at 714 ("Therefore, an allegation that a defendant committed aggravated assault gives him notice that the deadly nature of the weapon alleged in the indictment would be an issue at trial and that the State may seek an

affirmative finding on the use of the weapon"). Further, Grace pleaded guilty to conspiracy to commit aggravated assault as alleged in the information and judicially confessed that he committed the offense exactly as alleged in the information. We conclude Grace received sufficient notice that the State would seek an affirmative deadly weapon finding. *See Blount*, 257 S.W.3d at 714; *Ex parte Huskins*, 176 S.W.3d at 820; *Ex parte Carrasco*, 750 S.W.2d 222, 225 (Tex. Crim. App. 1988). We resolve Grace's sole issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130018F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS EDWARD GRACE, Appellant

No. 05-13-00018-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas,
Trial Court Cause No. 401-80198-2009.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of May, 2014.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE